Russeck *v.* Shapiro, Appellant.

Argued October 5, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Louis Marion,* for appellant.

*Thomas Ebert,* with him *Knox Henderson* and *Ballard, Spahr, Andrews & Ingersoll,* for appellees.

OPINION BY HIRT, J., November 20, 1951:

In this proceeding to quiet title the lower court found that the defendant's judgment was not a lien on the plaintiffs' land. The adjudication to that effect will be affirmed.

The property in question, referred to as 5539 Florence Avenue in Philadelphia, was conveyed to *Abraham* and Edith Wagner, husband and wife, in 1946 by the then owner. On March 9, 1949, a judgment note for $2,-000 executed by *Albert* Wagner, Edith Wagner, Benjamin Wagner and Dorothy Wagner, was delivered to Lewen Pizor as payee. Judgment on the note was entered of record in Philadelphia County by confession on May 24, 1949 and the judgment was indexed against each of the above four makers as their names appeared on the note. On March 9, 1950, Pizor assigned his judgment to George Shapiro, defendant in the present action. On April 24, 1950 *Abraham* Wagner and Edith Wagner his wife conveyed the premises to the plaintiffs. There is evidence which appears to be sufficient (though questioned by the lower court) that Abraham and Albert Wagner are one and the same person, and we will take it as established that they are. Abraham under the name of *Albert* Wagner conducted a delicatessen store in Philadelphia as a partner with his brother Benjamin Wagner.

The plaintiffs on taking title to the property raised $5,500 of the purchase price by a mortgage given by them to Mortgage Associates, Inc., which was entered of record on February 28, 1950. Subsequently, the defendant notified plaintiffs of his judgment and of his intention to look to them for payment. He asserted that his judgment was a lien on their land senior to that of the above mortgage. Thereupon plaintiffs brought this action to put the question at rest.

The Act of March 29, 1827, P. L. 154, §3, 17 PS §1903 requires the prothonotary to keep a judgment docket and Section 3 of the Act of April 22, 1856, P. L. 532, 17 PS §1922, provides for the indexing of a judgment by the prothonotary to operate as a lien as to subsequent purchasers of the land. The purpose of the Acts is to give notice of the judgment to subsequent purchasers and all others in interest. But actual notice of a judgment, however defectively entered or indexed, if had by a purchaser before his interest attaches is as effectual as to him as is the constructive notice given by the judgment docket. *Coral Gables, Inc. v. Kerl,* 334 Pa. 441, 443, 6 A. 2d 275. "Even a party entitled to notice from the judgment docket may receive it from some other source and be bound . . . actual notice to such party before his interest attaches affects him": *Hickman's Estate,* 40 Pa. Superior Ct. 244.

The plaintiffs in the present case did not have actual notice of defendant's judgment and the single question therefore is whether they are chargeable with constructive notice of a judgment as a lien on the land of *Abraham* and Edith Wagner by the entry and indexing of a judgment against *Albert* and Edith Wagner. "Proof that brings home knowledge of a fact to a person, if he will but use his senses and reasoning faculties, is in a great variety of cases held to be sufficient to affect him with notice": And this common sense principle applies to disputes as to the existence or priority of

judgment liens. *Butts v. Cruttenden,* 14 Pa. Superior Ct. 449, 456. In *Coral Gables, Inc. v. Kerl,* supra, page 447, it is said: "The sole function of a name is to identify the person whom it is intended to designate, and therefore all that is legally necessary in the docketing and indexing of judgments is that the defendant should be individuated with a degree of accuracy sufficient either to lead a reasonably careful searcher to conclude that he is the person who is the object of the search, or to suggest to the searcher the wisdom of inquiry to ascertain the fact. Where there is enough to put an ordinarily prudent person upon guard, inquiry becomes a duty, . . ." Cf. *Department of Public Assist. v. Reustle et al.,* 358 Pa. 111, 56 A. 2d 221, where the principle is again stated in identical language.

Cases in which defective indexing charges notice of a judgment usually involve abbreviated Christian names; or the use of initials instead of first names; or as in the *Kerl* and *Reustle* cases, the absence of a middle initial; or the use of a common variant of a first name; or a slight variation from the accurate spelling of even a surname. Cf. discussion of Mr. Justice STERN in *Coral Gables, Inc. v. Kerl,* supra, page 444. The circumstances of the present case do not bring it within the factual background of any of the above cases. Albert is an Anglo-Saxon name of Teutonic origin, and by no process can it be demonstrated that it is a variant of the ancient Semitic name of Abraham. There is no similarity in either the spelling or in the sound which in the use of one might suggest the other.

Section 3 of the Act of 1856, supra, places the obligation on the plaintiff to "furnish the proper information" to enable [the prothonotary] to perform [his] duty" in indexing a judgment. If Lewen Pizor had notice that Abraham was a maker of the note under the assumed name of Albert, he could have had judgment entered against him under both names with the aid of

an attorney, on declaration filed as to identity under the terms of the warrant contained in the note. An authorization to enter judgment is not limited to those who place their signatures on an instrument. The prothonotary may look beyond the instrument itself and enter judgment against the persons who actually executed it. *Jamestown Banking Co. v. Conneaut L. D. & D. Co.,* 339 Pa. 26, 14 A. 2d 325; *Miller v. Glass Works, Wagner's Appeal,* 172 Pa. 70, 75, 33 A. 350. Or even after entry of the judgment Pizor or the present defendant might have had the record amended by adding the name of Abraham Wagner as a judgment debtor, to give notice of a lien against the land. Rule of Civil Procedure §1033 superseding the practice indicated by the Act of May 4, 1852, P. L. 574, §2, 12 PS §533 when the operation of that Act was suspended by Rules of Civil Procedure §1451. Accordingly the defendant is in no position to excuse his failure in the above respect, on the ground that he did not have notice from the record of the identity of Abraham and Albert, and at the same time assert that plaintiffs were put on inquiry by this same record.

The adjudication was proper in barring the defendant from asserting a lien on the land by virtue of his judgment, but the order of the court is too broad in restraining other proceedings on the judgment.

The order, as modified, is affirmed.