## Woolridge v. Woods

*Frank G. Smith,* for plaintiff.

*Glenn E. Thomson,* for defendant.

PENTZ, P. J., May 1, 1957.—This comes before the court on petition to strike off a satisfaction of judgment entered by J. Orvis Woolridge, executor under the will of Foster D. Woods, against John H. Woods, individually and trading as Keystone Ice Cream Company.

John H. Woods was a copartner with Foster D. Woods, deceased, in a business known as the Keystone Ice Cream Company. After the death of Foster D. Woods, J. Orvis Woolridge, as executor of the estate of Foster D. Woods, sold the interest of Foster D. Woods to John H. Woods, surviving partner, and received a bond and mortgage in the sum of $45,000 on January 1, 1954, which mortgage was duly recorded.

John H. Woods defaulted in payments, and finally, on July 6, 1956, the mortgage and bond was assigned, in blank, to a group represented by Frank G. Smith, as attorney.

On March 12, 1957, a letter was signed by J. Orvis Woolridge, individually, authorizing Frank G. Smith to foreclose the mortgage, using the name of J. Orvis Woolridge, if the mortgage had not yet been formally assigned on the record. This letter is authority to foreclose the mortgage.

On March 16, 1957, Frank G. Smith entered a judgment by confession, by virtue of the warrant of attorney contained in the bond, in the name of J. Orvis Woolridge, executor under the will of Foster D. Woods, against John H. Woods, individually and trading and doing business as Keystone Ice Cream Co., to the above named term and number.

Praecipe for writ of fieri facias was entered March 20, 1957. Fi. Fa. was issued and levy was made, and sale thereon fixed for May 3, 1957, of the real estate covered in the mortgage.

On April 22, 1957, J. Orvis Woolridge filed a satisfaction of the judgment. Frank G. Smith, as attorney for Long's Guernsey Dairy, Inc., presented a petition to strike off the satisfaction of the judgment on April 23, 1957, and on April 24, 1957, at the time of the argument on the petition to strike, filed a petition to adopt the petition filed April 23, 1957, and also asked

leave to amend the name of plaintiff to be Long's Guernsey Dairy, Inc., as the real party in interest.

Testimony was taken April 24, 1957, at which J. Orvis Woolridge stated his chief objection to having the judgment entered in his name was the criticism he was receiving for foreclosing, or selling out John H. Woods.

The objection raised by counsel for J. Orvis Woolridge to the motion to strike off the satisfaction of judgment is based upon Pa. R. C. P. 2002, which requires, in every action, the real party in interest must appear, failing which the proceedings are to be stricken.

Without going in to great detail on the matters discussed in the several arguments, it is well within the power of the court to allow the amendment prayed for: Miller v. Morris, 361 Pa. 113; Russeck v. Shapiro, 170 Pa. Superior Ct. 89.

The incorporators of the real party in interest, Long's Guernsey Dairy, Inc., paid over the money to J. Orvis Woolridge, executor, for the bond and mortgage. John H. Woods, defendant, was in default on July of 1956, and continued to be in default as to both payments of principal and interest. J. Orvis Woolridge, executor, has no interest in the proceeding, other than the use of his name with his consent. He objects, however, to the use of his name in the confession of judgment, rather than a foreclosure proceeding, primarily because of criticism he receives for enforcing the obligation. Had the foreclosure proceeding been followed with the use of his name, as he contends he authorized only, the time in which his name would appear as plaintiff in an execution would only have been delayed a month or two. After judgment on a foreclosure proceedings, J. Orvis Woolridge, executor, would appear as plaintiff in the levari facias issued to sell the property secured by the mortgage.

J. Orvis Woolridge, as executor, having disposed of his interest in the bond and mortgage, and having

given a partial consent, at least, to the use of his name, has deprived himself of all interest in and to the proceeding, and his satisfaction must be stricken off, and the real party at interest inserted as plaintiff, instead of J. Orvis Woolridge, executor.

*Order*

Now, May 1, 1957, the satisfaction of the judgment in the above stated matter, entered April 22, 1957, is stricken off.

The name of J. Orvis Woolridge, executor under the will of Foster D. Woods, is stricken off the record, and the name of Long's Guernsey Dairy, Inc., is to be inserted as plaintiff, and all records so far, to be amended accordingly.

Exception noted.