**SUSQUEBANC LEASE CO., Appellee,**

v.

**Camill Lewis LUCCHESI a/k/a C. Louis Lucchesi, Appellee,**

v.

**Marjorie D. SEWARD, Terre–Tenant, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 3, 1997.
Filed March 12, 1998.

William F. Donovan, State College, for appellant.

Robert B. Stewart, III, Huntingdon, for Susquebanc Lease Co., appellee.

Jeffrey W. Stover, State College, for Camill Lewis Lucchesi, appellee.

Before McEWEN, President Judge, and POPOVICH and HESTER, JJ.

HESTER, Judge:

Marjorie D. Seward appeals from the February 28, 1997 order which denied her petition seeking both a stay of execution and to set aside a writ of execution filed by Susquebanc Lease Company, appellee.[1] We affirm.

The record reveals the following. Appellee confessed judgment against Camill Lewis Lucchesi on October 8, 1992. This judgment was filed at No. 92–2837, Centre County. Additionally, another judgment had been filed earlier against the same individual at No. 91–9118, Centre County. At the time of the filing of the earlier judgment, Camill L. Lucchesi owned an undivided one-half interest in two tracts of land in Huston and Patton Townships, Centre County. His son, Scott L. Lucchesi owned the other undivided one-half interest in the two tracts of land. They had acquired title to the property by a deed dated September 14, 1989, and recorded on November 6, 1989.

On June 14, 1993, Camill L. Lucchesi, judgment debtor, effected transfer of his undivided one-half interest to his son for the sum of $1.00. The following day, the deed was recorded in Center County Deed Book, Volume 700, page 1159. Scott L. Lucchesi subsequently transferred title to this property to appellant, Marjorie D. Seward, for the

sum of $120,000.00 on February 23, 1995. Camill L. Lucchesi was aware of the unpaid judgments entered against him but made no attempt to open them or to have them stricken. Appellee's judgment lien in the amount of $18,316.20 plus interests and costs was not paid despite the sale. On September 20, 1996, appellee filed a praecipe for writ of execution against the property for the amount stated in the judgment plus attorney's fees and costs as may be taxed to the judgment. Appellant filed a petition both for stay of execution and to set aside the writ of execution on November 20, 1996, just prior to the scheduled sheriff's sale.

Following a deposition of the judgment debtor, the following circumstances were set forth in nineteen facts stipulated by the parties prior to trial. The judgment debtor was born in Cardozo, Italy, on January 2, 1936. His actual given name was Camill Louis Lucchesi. Thus, his middle name correctly was spelled as Louis rather than Lewis. The only Pennsylvania document existing with his full given name is his driver's license. At some time prior to 1991, he began to sign his name as C. Louis Lucchesi. At various times, the judgment debtor has been referred to as "C. L. Lucchesi, Louis Lucchesi, and C. Louis Lucchesi." However, he never spelled his middle name as "Lewis."

A title search done prior to appellant's purchase of the property did not detect appellee's judgment lien. The judgment index did not show judgments filed against "C. Louis Lucchesi." Instead, it showed liens filed against "Lucchesi, Camill Lewis." The judgment against the judgment debtor was not noted in a title search due to the different spelling of the judgment debtor's middle name.

The trial court determined that there were enough variations in the list of Lucchesi names that a reasonable title searcher acting on behalf of appellant should have been placed on notice to investigate further and examine the actual judgments, even though the middle names listed in the judgment index differed. Further search would have revealed that the two different spellings actually identified the same individual. The

---

1. Our reference to appellee in this opinion refers only to Susquebanc Lease Company.

court therefore concluded appellant purchased the property subject to the judgment lien in favor of appellee and denied her petition. This appeal followed.

Appellant argues the trial court's conclusion is erroneous. She asserts that an incorrect spelling of the middle name of a judgment debtor, although effective between the parties, is not binding on subsequent purchasers or creditors. Instead, she contends the general rule is that a holder of the judgment note, at his peril, must see to the proper entry and registry thereof. In support, she cites *Jaczyszyn v. Paslawski,* 147 Pa.Super. 97, 24 A.2d 116 (1942), in which we held that no evidence existed that "Nikolai Borys" ever was known as "Mikala Borys," so that a subsequent purchaser was not put on notice. She further argues that while title searchers are responsible for different spellings of names that sound alike, this principle never has been applied to first or middle names. Moreover, where a difference in first names stemmed from entirely different ethnic origins, we have held that subsequent purchasers were not put on notice. *Russeck v. Shapiro,* 170 Pa.Super. 89, 84 A.2d 514 (1951) ("Albert" and "Abraham" did not share a common root so that one did not give notice as to the other). Appellant argues such reasoning applies to the middle names "Lewis" and "Louis" at issue herein.

■ As correctly noted by the trial court in its opinion pursuant to Pa.R.A.P. 1925, we find no clear or consistent rule has been generated in judgment lien cases involving spelling variations of first and middle names of judgment debtors. Rather, appellate courts have resolved such cases on the basis of the factual circumstances and practical considerations present in each case. *See D.P.A. v. Reustle,* 358 Pa. 111, 56 A.2d 221 (1948). The relevant inquiry is whether "the defendant [has been] individuated with a degree of accuracy sufficient either to lead a reasonably careful searcher to conclude that he is the person who is the object of the search, or to suggest to the searcher the wisdom of inquiry to ascertain the fact." *Russeck v. Shapiro, supra* at 515. "Where there is enough to put an ordinary prudent person upon guard, inquiry becomes a duty." *Id.*

■ The trial court made the factual determination that the state of the judgment index in this case should have put a reasonably diligent searcher on notice despite the variations in the spelling of the middle name. The trial court reached this conclusion even though appellant contended that her assertion was uncontested that no fraud by the judgment debtor had been alleged. The trial court also was unpersuaded by appellant's argument that imposition of a duty to search similar first and middle names spelled differently constituted an unreasonable burden on the public to search legal records.

In the instant case, the parties stipulated to the facts. Nevertheless, the inferences and weight to be accorded to the stipulated facts were left by the parties to the province of the trial court. Our standard of review of such determinations is clear. In *Stahli v. Wittman,* 412 Pa.Super. 281, 603 A.2d 583, 584 (1992) (citations omitted), we stated:

> It is not the province of the appellate court to find facts or substitute its judgment for that of the trial judge. The test is not whether the appellate court would have reached the same result on the evidence presented but rather, after due consideration of the evidence which the trial court found credible, whether the court could reasonably have reached its conclusion.

Instantly, we find the trial court gave due consideration to the situation presented. The trial court noted that the judgment liens against "Camill Lewis Lucchesi" appear on the very same or adjacent page as other entries against the name Lucchesi, which did not include the middle name "Lewis." Two judgment liens had been recorded by the Commonwealth of Pennsylvania Department of Revenue against "Lucchesi." Another was filed against "C.L. Lucchesi, a/k/a C. Louis" by First Deposit National Bank. Trial Court Opinion, 01/18/97, at 6. These several judgments filed against an individual with a name very similar to that of the seller of the prop-

erty on the same or adjacent pages should have alerted a reasonably careful searcher to verify the identity of the judgment debtor rather than relying solely on the name as listed in the judgment index. Consequently, we find the trial court reasonably reached its conclusion based on its examination of the record before it, and we find no reason to disturb the trial court's resolution.

Order affirmed.