In re Kathryn Ann CORBETT a/k/a Kathryn Ann Hanold, Debtor.

Henry Ray Pope III, Trustee, Movant,

v.

Kathryn Ann Corbett a/k/a Kathryn Ann Hanold; New Bethlehem Bank, Now by Merger, PFC Bank; Clarion County Tax Claim Bureau, Respondents.

Bankruptcy No. 01–11451.
Motion No. HRP–2–(2002).

United States Bankruptcy Court, W.D. Pennsylvania.

Nov. 7, 2002.

Henry Ray Pope III, Esq., Clarion, PA, Trustee and Attorney pro se.

Thomas J. Minarcik, Esq., Erie, PA, for New Bethlehem Bank, Now by Merger, PFC Bank.

## OPINION

WARREN W. BENTZ, Bankruptcy Judge.

### Factual Background

Kathryn Ann Corbett a/k/a Kathryn Ann Hanold ("Debtor") filed a voluntary Petition under Chapter 7 of the Bankrupt-

cy Code on July 23, 2001 ("Filing Date"). Henry Ray Pope III, Esq. ("Trustee") serves as Chapter 7 Trustee. At the Filing Date, Debtor was the owner of a certain thirty-seven (37) acre parcel of real estate located in Farmington Township, Clarion County, Pennsylvania (the "Property"). On July 15, 2002, the Trustee filed a Motion to Sell the Property (the "Motion"). At ¶ 9 of the Motion, the Trustee asserts:

The Movant has performed a title search on the real estate described in this Motion, which has established to the Movant's reasonable satisfaction that the title to the real estate is good and marketable but it is subject to a lien for unpaid real estate taxes, one mortgage which is valid, and one mortgage which the Movant believes does not create a security interest in the real estate to be sold. Both mortgages are in favor of Respondent PFC. The following is a summary of the Movant's position on the two respective mortgages:

(A) A mortgage was signed by the Debtor on August 12, 1994, in favor of PFC, which was in the principal amount of $40,400.00. This mortgage was recorded on August 12, 1994, in Clarion County Record Book 426, Page 814. It is a first lien on the property and has a payoff of $26,249.37 as of June 11, 2002, with a per diem rate of $5.82 thereafter.

(B) A second mortgage was signed by Kathryn Hanold and her husband, Robert Hanold, which attempts to create a second lien on this property. At the time that the Debtor signed the mortgage she was married and her last name was Hanold. The title to the mortgaged property was always in the name of Kathryn Corbett. A search of the records would not have disclosed the second mortgage which is in the principal amount of $41,000.00 and recorded in Clarion County Record Book 498, Page

574. The Movant contends that this mortgage does not create a security interest in the real estate to be sold.

New Bethlehem Bank, now by merger, PFC Bank ("PFC" or the "Bank") filed an Objection and Response to the Motion. In response to ¶ 9 of the Motion, the Bank states:

The allegations contained in Paragraph (sic) are admitted in part and denied in part. The information describing the first mortgage (dated August 12, 1994) against the subject real estate is admitted as accurate in all respects. The allegations relating to the second mortgage (dated September 22, 1998) are denied. Although the second mortgage was in the now married name of the Debtor (Kathryn Ann Hanold), in Clarion County, Pennsylvania, deeds and mortgages are also indexed via real estate tax identification numbers. Due to this system of indexing, a title abstractor, without any extraordinary or unusual effort, would have discovered the second mortgage against the subject real estate despite the fact that the second mortgage did not mention the Debtor's maiden name (Corbett). In further response thereto, PFC Bank incorporates herein by reference its First Affirmative defense.

The Bank also states as an Affirmative Defense:

16. In order to establish that the second mortgage of PFC Bank is invalid, the Trustee must show that he has the same rights as a hypothetical bona fide purchaser for value of the subject real estate on the Debtor's Petition date.

17. Had the Trustee conducted a title search as of the date of the filing of the Debtor's Chapter 7 Petition, said search would have revealed PFC Bank's second mortgage for the following reasons:

A. In Clarion County, all deeds and mortgages must bear the tax identification number. Deeds and mortgages without said tax identification numbers will *not* be accepted by the Recorder of Deeds. PFC Bank's second mortgage bears the following number:

Tax Map Number 10–062–056–000

B. The Deed by which Debtor acquired the title to the subject real estate in 1994 (a copy of which is attached to the Trustee's Motion as Exhibit A) bears the same tax identification number, namely, 10–062–056–000.

C. In Clarion County, Deeds and Mortgages are also indexed via tax identification numbers.

D. In Clarion County, title abstractors, in addition to adversing the names of all title holders in the chain of title, also check parcels for mortgages and other parcel-specific liens, by searching the parcel number.

E. Such a search conducted by a title abstractor on Debtor's Petition Date would have discovered PFC Bank's second mortgage.

F. As an additional safeguard to discover all outstanding mortgages, it is the custom of title abstractors in Clarion County to search for mortgages searching via the tax identification number.

G. Since the second mortgage of PFC Bank would have been discovered through a search by a competent title abstractor without extraordinary or unusual efforts, said mortgage is a valid lien against the subject real estate.

A hearing to consider the Motion was held on July 29, 2002. By Order dated August 6, 2002, the sale of the Property free and clear of liens was confirmed.

Liens against the Property were transferred to the proceeds of sale. the Trustee and the Bank were afforded an opportunity to provide legal citations in support of their respective positions. The Bank has filed a Memorandum of Law and the Trustee has filed a letter-brief directing our attention to 16 Pa. C.S.A. § 9854.2.

## *Discussion*

Title 11, section 544(a) of the Bankruptcy Code, the "strong arm" clause, defines the trustee's powers over rival creditors. It provides:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such

transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(1)-(3) (1988). In other words, as of the date of the petition's filing, § 544(a)(1) confers upon the trustee the rights of a hypothetical judgment lien creditor; § 544(a)(2) confers upon the trustee the rights of a hypothetical unsatisfied execution creditor; and § 544(a)(3) confers upon the trustee the rights of a bona fide purchaser when, as in this case, real property is at issue. *In re Bridge,* 18 F.3d 195, 198–99 (3rd Cir.1994).

■■■■ The extent of the Trustee's strong-arm powers is defined by the law of the situs where the subject property is located. *In re Bridge,* 18 F.3d at 200 *citing McCannon v. Marston,* 679 F.2d 13, 14 (3rd Cir.1982) (applying Pennsylvania law to determine whether trustee's strong-arm power as a bona fide purchaser under § 544(a)(3) could avoid the unrecorded equitable interest of a purchaser in clear and open possession of the subject property).

As a hypothetical bona fide purchaser, the trustee is deemed to have paid value for the...property and is deemed to have perfected (i.e., recorded) his interest as legal title holder in the subject property as of the date of the bankruptcy petition's filing. The trustee also has the status of a hypothetical bona fide purchaser who is deemed to have searched the title of the...property as of the petition's filing.

*In re Bridge,* 18 F.3d at 204.

■■■■ Clarion County (the situs of the Property) land records are indexed by name. Anyone conducting a search of the records would search under the owner's name of Kathryn Ann Corbett. A hypothetical purchaser who had searched the alphabetical index in the Clarion County property record on the date of the bankruptcy filing would have had no notice of the mortgage given by Kathryn Ann Hanold against the Property which was in the name of Kathryn Ann Corbett.

The Bank asserts that even though the Mortgage was defectively recorded, the Trustee fails to qualify as a bona fide purchaser. Clarion County maintains a separate index by tax identification number. The Bank posits that had the Trustee conducted a reasonable search, the index kept by tax identification number would have been searched and the Trustee would have learned of the Mortgage. The Bank posits that the identification number index places the Trustee on constructive notice of its Mortgage. It is the Bank's duty to see that its Mortgage is properly recorded and indexed. *Prouty v. Marshall,* 225 Pa. 570, 74 A. 550 (1909).

Under Pennsylvania law, constructive notice is synonymous with whether the lien has been properly indexed; the state's indexing laws, in other words, define those circumstances under which a bona fide purchaser may be deemed to be on constructive notice of a lien. *See, e.g., Site Improvements, Inc. v. Central and Western Chester County Indus. Dev. Auth.,* 293 Pa.Super. 1, 437 A.2d 960 (1981); *Demharter v. First Fed. Sav. & Loan Assoc'n of Pittsburgh,* 412 Pa. 142, 194 A.2d 214 (1963); *Russeck v. Shapiro,* 170 Pa.Super. 89, 84 A.2d 514 (1951).

*McLean v. City of Philadelphia, Water Revenue Bureau,* 891 F.2d 474, 478–79 (3rd Cir.1989).

We agree with the Trustee that the answer to the issue is provided by 16 Pa. C.S.A. § 9854.2 (Purdon's 2001) which provides:

§ 9854.2. Indexes arranged by uniform parcel identifiers

During the four-year period beginning with the day of the first such entry in

accordance with an ordinance adopted under section 1.1 of the act of April 22, 1929 (P.L. 620, No. 258), entitled "An act directing the recorder of deeds of each county of the Commonwealth to refuse for record all deeds or other transfers of real estate, or interest in real estate, unless a certificate is attached to said instruments giving the precise residence of the grantee or grantees named therein; and requiring a list thereof to be delivered to the proper board of revision of taxes, or other officials charged with the assessment of real estate," the recorder of deeds or commissioner of records shall continue to arrange such indexes alphabetically; but the recorder or commissioner shall also maintain an additional separate set of indexes of deeds, mortgages and other instruments affecting real estate or interest in real estate arranged by the uniform parcel identifiers to facilitate easy reference to such instruments. During such four-year period, this separate set of indexes arranged by uniform parcel identifiers shall be merely for the convenience of the public and shall not constitute notice or the lack thereof. At the end of the four-year period or such later period as may be established by such ordinance and thereafter, both the alphabetical indexes and the indexes arranged by the uniform parcel identifiers shall constitute notice or the lack thereof for all deeds, mortgages or other instruments affecting real estate left for record with the recorder of deeds or commissioner of records on or after the date such indexes were originally established.

Clarion County has never adopted an ordinance directing that all transactions recorded in the recorder's office be indexed by tax identification number. Thus, the Bank cannot establish that the Trustee had notice of the Mortgage because it stated thereon the tax identification number for the Property.

The Trustee, as a hypothetical bona fide purchaser, must undertake reasonable steps to inquire as to the presence of liens against the Debtor's property. A search of the alphabetical index is a reasonable and complete step. The Bank's Mortgage and any other liens against the Property, if recorded properly, would appear. The additional step of checking the tax identification number index is a duplicative effort that is not required for a search to constitute reasonable inquiry.

The Bank's objection to the proposed sale of the Property without payment on the second mortgage of the Bank will be dismissed.