J-S05010-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARTIN ANDREW BARTLEBAUGH | : | |
| | : | |
| Appellant | : | No. 465 WDA 2017 |

Appeal from the Judgment of Sentence January 25, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0004237-2016

BEFORE:   OLSON, J., OTT, J., and STRASSBURGER*, J.

MEMORANDUM BY OLSON, J.:                      FILED FEBRUARY 26, 2018

Appellant, Martin Andrew Bartlebaugh, appeals from the judgment of

sentence entered on January 25, 2017, as made final by the denial of

Appellant's post-sentence motion on February 24, 2017.  We affirm.

The trial court provided an able summary of the underlying facts of

this case.  As the trial court explained:

> [Appellant] was charged with simple assault and
> harassment in relation to an incident which occurred on
> January 16, 2016 at Lizzie's [Kitchen] in Whitaker[,
> Pennsylvania].  He appeared before [the trial court] for a
> non-jury trial from December 14-15, 2016. . . .
>
> The evidence presented at trial . . . established that on
> January 16, 2016, [the Victim] was working at [Lizzie's
> Kitchen] . . . when [Appellant] came in and ordered a
> [cheesesteak] sandwich.  As [the Victim] began to prepare
> the sandwich, [Appellant declared] that he [did not] have
> any money [and] wanted the sandwich for free.  When [the
> Victim] refused to give [Appellant] the sandwich for free,
> [Appellant] began screaming.   [The Victim] asked

_____

* Retired Senior Judge assigned to the Superior Court.

[Appellant] to leave but [Appellant] refused to do so. Eventually, [Appellant] went to the back of the store and blocked the rear entrance. Again, [the Victim] asked [Appellant] to leave and [Appellant] punched [the Victim] in the jaw. [The Victim] wrestled [Appellant] to the ground but eventually released him. At that point, [Appellant] left the building but remained in the parking lot and continued to yell and scream. [The Victim] retrieved a baseball bat and went out to the parking lot, where he again told [Appellant] to leave. Again [Appellant] refused and began to taunt [the Victim] regarding the bat and [the Victim] struck [Appellant] in the outer calf and then went to call the police. [The Victim] was later seen at [the hospital] for an injury to his jaw.

Trial Court Opinion, 6/19/17, at 1 and 3.

The trial court found Appellant guilty of simple assault and harassment.[1] On January 25, 2017, the trial court sentenced Appellant to serve a term of six to 12 months in jail, followed by 12 months of probation, for his convictions.

Appellant filed a timely post-sentence motion and, within this motion, Appellant claimed that the trial court's decision was against the weight of the evidence because the Victim's testimony was not credible and the Commonwealth presented no evidence that independently corroborated the Victim's story or injuries. See Appellant's Post-Sentence Motion, 1/30/17, at 1-2.

_____

[1] 18 Pa.C.S.A. §§ 2701(a)(1) and 2709(a)(1), respectively.

The trial court denied Appellant's post-sentence motion on February 24, 2017 and Appellant filed a timely notice of appeal. Appellant raises two claims on appeal:

> [1.] Did the trial court abuse its discretion when it allowed [the Victim's] testimony regarding what the doctors told him his alleged injuries were, as the testimony was hearsay, wholly speculative and without foundation?
>
> [2.] Was the guilty verdict at Count 1 – Simple Assault contrary to the weight of the evidence because the Commonwealth's only witness did not testify credibly, and the Commonwealth presented no other evidence, such as surveillance videos or medical records?

Appellant's Brief at 5.

Appellant first claims that the trial court erred when it allowed the Victim to testify to "what the doctors told him his alleged injuries were." Id. This claim fails.

As this Court has stated:

> our standard of review for evidentiary rulings is a narrow one: when we review a trial court's ruling on admission of evidence, we must acknowledge that decisions on admissibility are within the sound discretion of the trial court and will not be overturned absent an abuse of discretion or misapplication of law. In addition, for a ruling on evidence to constitute reversible error, it must have been harmful or prejudicial to the complaining party. A party suffers prejudice when the trial court's error could have affected the verdict.

Commonwealth v. Tyack, 128 A.3d 254, 257 (Pa. Super. 2015) (internal citations and corrections omitted).

"An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." Commonwealth v. Cameron, 780 A.2d 688, 692 (Pa. Super. 2011). Moreover, since this was a bench trial, we note that the trial court "is presumed to know the law, ignore prejudicial statements, and disregard inadmissible evidence." Commonwealth v. Smith, 97 A.3d 782, 788 (Pa. Super. 2014).

During the Victim's direct testimony, the Victim testified as to the pain he felt and injuries he sustained after Appellant punched him in the face. The Victim testified:

> Q: [] Did you seek medical attention after [the incident]?
>
> A: Yes. I mean, that night I went to [the hospital], when I went home.
>
> . . .
>
> Q: Now, do you remember what the doctors said about your physical condition?
>
>> [Appellant's Attorney]: Object at this point to hearsay, your Honor. . . .
>>
>> [Trial Court]: He can testify to his own injuries, not what the doctor said.
>
> . . .
>
> Q: What were your injuries?
>
>> [Appellant's Attorney]: Objection. This calls for hearsay.

- 4 -

[Trial Court]: He can testify to his own injuries.

. . .

Q: What was wrong with you, if anything, after this incident, as a result?

A: My face was hurting, so I don't remember, like I was thinking it was a jaw or a tooth. So I was, like – I had my finger up in my mouth and my tooth was in place. So it didn't fell, so it must be a jaw.

Q: So do you know whether your jaw was injured in any way?

[Appellant's Attorney]: Objection, your Honor, he is not a doctor.

[Trial Court]: I will overrule.

A: Yes, it got broken, actually like –

[The Commonwealth]: All right. At this time I have nothing further for this witness and I will offer for cross.

N.T. Trial, 12/14/16, at 13-15.

On appeal, Appellant claims that the trial court erred when it allowed the Victim to testify that his jaw was broken. Appellant claims that the statement was inadmissible, as it constituted hearsay.[2] Appellant's Brief at 19.

_____

[2] On appeal, Appellant also claims that the statement was inadmissible, as it was speculative and without foundation. Appellant's Brief at 19. Appellant's claims regarding the statement being speculative and without foundation are waived because Appellant did not object to the statement on such bases. Commonwealth v. Lopez, 57 A.3d 74, 81-82 (Pa. Super. 2012) ("[a] party complaining, on appeal, of the admission of evidence in the court below will be confined to the specific objection there made. If counsel states the

(Footnote Continued Next Page)

"Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Commonwealth v. Watley, 153 A.3d 1034, 1040 (Pa. Super. 2016) (internal quotations and citations omitted); see also Pa.R.E. 801(c). "Hearsay is not admissible except as provided by the Pennsylvania Rules of Evidence, by other rules prescribed by the Supreme Court of Pennsylvania, or by statute." Watley, 153 A.3d at 1040 (internal quotations, citations, and corrections omitted); see also Pa.R.E. 802.

At the outset, the trial court did not explore how the Victim came to believe that his jaw "got broken." See N.T. Trial, 12/14/16, at 13-15. Therefore, this Court is in no position to analyze whether the statement was or was not hearsay. Indeed, depending on how severe the injury actually was, the Victim might or might not have had to rely upon a medical practitioner's diagnosis to know whether his jaw was broken.

Nevertheless, Appellant's claim fails, first, because the trial court never ruled that the Victim was permitted to testify that his jaw was broken. Again, on direct, the Commonwealth asked the Victim "do you remember what the doctors said about your physical condition?" N.T. Trial, 12/14/16, at 13. Appellant objected to this question on grounds of hearsay

(Footnote Continued) ———————————

grounds for an objection, then all other unspecified grounds are waived and cannot be raised for the first time on appeal") (internal quotations and citations omitted).

and the trial court sustained Appellant's objection, ruling that the Victim could "testify to his own injuries, not what the doctor said." N.T. Trial, 12/14/16, at 13-14 (emphasis added). The Victim then testified that, after being punched: "[m]y face was hurting, so I don't remember, like I was thinking it was a jaw or a tooth. So I was, like – I had my finger up in my mouth and my tooth was in place. So it didn't fell, so it must be a jaw." Id. at 14. Further, even though Appellant later testified that his jaw "got broken," Appellant did not move to strike this statement as being in contravention of the trial court's earlier ruling that the Victim could "testify to his own injuries, not what the doctor said." See id. at 13-14.

On appeal, Appellant claims that the trial court erred "when it allowed [the Victim's] testimony regarding what the doctors told him his alleged injuries were" and in allowing the Victim to testify as to a medical diagnosis. Appellant's Brief at 15-21. Yet, the trial court sustained Appellant's objection and, in so doing, prohibited the Victim from testifying as to "what the doctor said." N.T. Trial, 12/14/16, at 13-14. Therefore, Appellant simply cannot claim that the trial court "allowed [the Victim's] testimony regarding what the doctors told him his alleged injuries were," when the trial court specifically ruled that such testimony was prohibited. See Appellant's Brief at 15. Moreover, after the Victim testified that his jaw "got broken," Appellant did not move to strike the statement as being in violation of the trial court's earlier ruling. As such, Appellant has waived any claim of error in this regard. See Pa.R.E. 103(a) ("[a] party may claim error in a ruling to

admit or exclude evidence only: (1) if the ruling admits evidence, a party, on the record: (A) makes a timely objection, motion to strike, or motion in limine").

Secondly, Appellant's claim fails because he did not suffer any prejudice by the statement's introduction. As noted, since this was a bench trial, we presume that the trial court disregarded inadmissible evidence. Smith, 97 A.3d at 788. Moreover, Appellant was convicted of simple assault under 18 Pa.C.S.A. § 2701(a)(1). This section defines simple assault as: "attempt[ing] to cause or intentionally, knowingly or recklessly caus[ing] bodily injury to another." 18 Pa.C.S.A. § 2701(a)(1). The term "bodily injury" is then defined as: "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S.A. § 2301. Further, we have held: "[t]he Commonwealth need not establish that the victim actually suffered bodily injury; rather, it is sufficient to support a conviction if the Commonwealth establishes an attempt to inflict bodily injury. This intent may be shown by circumstances which reasonably suggest that a defendant intended to cause injury." Commonwealth v. Richardson, 636 A.2d 496, 498-499 (Pa. Super. 1994).

The evidence in this case demonstrates that Appellant punched the Victim in the face and, in so doing, caused the Victim to suffer the following injury: "[m]y face was hurting, so I don't remember, like I was thinking it was a jaw or a tooth. So I was, like – I had my finger up in my mouth and my tooth was in place. So it didn't fell, so it must be a jaw." N.T. Trial,

12/14/16, at 14. Therefore, even if Appellant did not break the Victim's jaw, the evidence demonstrates that Appellant "attempt[ed] to cause or intentionally, knowingly or recklessly caus[ed] bodily injury" to the Victim – and, thus, that Appellant's action and mindset satisfied the elements of 18 Pa.C.S.A. § 2701(a)(1). See Trial Court Opinion, 6/19/17, at 8 ("Here, [the Victim] testified that he suffered pain in his face and jaw area. As the injured person, [the Victim] was certainly permitted to testify regarding what parts of his body hurt after the assault. Even if [the Victim's] statement that his jaw was broken is deemed hearsay, the remaining statements regarding the location of his pain are admissible and sufficient to establish the injury necessary for the charge of simple assault"); see also Richardson, 636 A.2d at 1196 ("[a]ppellant first argues that [the victim] did not suffer bodily injury because he did not receive any medical treatment or miss any work as a result of the blow to the face. Such a claim is frivolous. Appellant cites no authority which states that such consequences are necessary to sustain a simple assault conviction. [The victim] testified that [a]ppellant's punch broke his glasses, caused him to stumble backwards, and caused pain for the next few days. Such testimony was sufficient to sustain a finding that [a]ppellant actually caused bodily injury to [the victim]") (emphasis omitted).

Appellant's first claim on appeal thus fails.

Second, Appellant claims that the trial court's decision, finding him guilty of simple assault, was against the weight of the evidence. This claim also fails.

Our Supreme Court has held:

a verdict is against the weight of the evidence only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice. It is well established that a weight of the evidence claim is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial court is to determine that notwithstanding all the evidence, certain facts are so clearly of greater weight that to ignore them, or to give them equal weight with all the facts, is to deny justice. A motion for a new trial on the grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict; thus the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner.

Significantly, in a challenge to the weight of the evidence, the function of an appellate court on appeal is to review the trial court's exercise of discretion based upon a review of the record, rather than to consider de novo the underlying question of the weight of the evidence. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion. It is for this reason that the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings.

Commonwealth v. Rivera, 983 A.2d 1211, 1225 (Pa. 2009) (internal quotations and citations omitted).

According to Appellant, his conviction for simple assault was against the weight of the evidence because the Victim's "testimony was so unreliable and inconsistent that the trial court should not have believed it" and "the Commonwealth offered no other evidence to prove its case." Appellant's Brief at 23 and 26. Specifically, Appellant claims that the Victim's testimony was not credible because: the Victim's "claim that he remained entirely calm and let [Appellant] slug him without instigating that action in any way was entirely specious;" the Victim "repeatedly testified that he did not remember key details from the incident;" the Victim's trial testimony "contradicted the statements that were made to the police on the night of the incident;" and, the Victim "flipped his story when being questioned about the text messages that he and [Appellant] exchanged." Id. at 22-26.

The trial court sat as the fact-finder in this case and, after hearing testimony from both the Victim and Appellant, the trial court specifically found "that the testimony of the [V]ictim was consistent and clear." N.T. Trial, 12/15/16, at 47-48. The trial court thus believed the Victim's testimony, found Appellant guilty of the charged crimes, and denied Appellant's weight of the evidence claim. After reviewing the record, we conclude that the trial court was well within its discretion to believe the Victim's straightforward and clear testimony and to deny Appellant's weight of the evidence claim. As such, Appellant's weight of the evidence claim fails.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  2/26/2018