Semon *v.* Terhune.

## JAMES L. SEMON

*v*

## JACOB V. H. TERHUNE, et al.

A mortgage dated and acknowledged on September 17th, 1880, and recorded on October 15th, 1880, is constructive notice to a subsequent purchaser of the premises, although the mortgagor's deed for the premises was in fact (and this also appears on the county records) dated September 30th, 1880, and was recorded on November 24th, 1880.

Bill to foreclose. On final hearing on bill and answer.

*Messrs. E. A. & W. T. Day,* for complainant.

*Mr. J. Garrick,* for defendants.

THE CHANCELLOR.

This suit is brought to foreclose a mortgage dated and acknowledged September 17th, 1880, and recorded on October 15th fol-

NOTE.—A mortgage on land given before a conveyance of the land to the mortgagor, is valid, *Cooke* v. *Watson, 3 Stew. Eq. 345 ;* see *2 Smith's Lead. Cases (8th Am. ed.) 848 ; De Yampert* v. *Brown, 28 Ark. 166.*

In *Warburton* v. *Mattox, Morris (Iowa) 367,* A mortgaged a tract of land to B while the title to the premises was in the United States. C afterwards purchased the land from the United States and conveyed it to A, who then mortgaged it to D.—*Held,* that B's mortgage was entitled to priority over D's ; also, *1 Jones on Mort.* ? *561 ; Wade on Notice* ?? *207, 216 ; Crane* v. *Turner, 67 N. Y. 437 ;* see *Wing* v. *McDowell, Walker (Mich.) 175.*

Such mortgage is valid against the mortgagor who subsequently acquired a title to the premises, *Kirkaldie* v. *Larrabee, 31 Cal. 455 ; Rigg* v. *Cook, 9 Ill. 336 ; Christy* v. *Dana, 34 Cal. 548, 42 Cal. 174 ; Boone* v. *Armstrong, 87 Ind. 168 ; Gotham* v. *Gotham, 55 N. H. 440.*

In *Boyd* v. *Mundorf, 3 Stew. Eq. 545,* a deed and a mortgage to the grantor to secure part of the purchase-money of the conveyance were executed simultaneously on February 28th, and acknowledged and recorded on March 3d at noon. Another mortgage on the same premises to another person than the grantor, also stating that it was given to secure part of the purchase-money,

Semon v. Terhune.

lowing, given by the defendants, John G. Semon and wife, to Richard M. Johnson, upon land in Jersey City, to secure the payment of $750 and interest, according to the condition of Semon's bond to Johnson. The bill states that the mortgage was given for purchase-money on the sale of the mortgaged premises by Johnson to Semon, but the fact is not admitted by the answer. The deed to Semon was dated September 30th,. 1880, was acknowledged October 1st, 1880, and recorded on November 24th following. The bill states that while the date of the mortgage is prior to that of the deed, the mortgage was not delivered until the time of the delivery of the deed, but this is not admitted by the answer. Johnson assigned the mortgage February 9th, 1881, to James M. Connor, by assignment of that date, recorded February 16th, 1881. On June 2d, 1884,. James M. Connor assigned it to James P. Connor, executor &c. of William C. Connor, deceased, and he assigned it September 4th, 1884, to the complainant. When John G. Semon bought the property of Johnson it was encumbered by a mortgage for $1,000, given September 10th, 1866, by William Nattrass, who then owned the premises, to Jane C. Vreeland. That mortgage came to the hands of Jacob C. Terhune, by assignment. He died June 15th, 1882. His executors were the defendant, John V.

was executed on March 1st, and was acknowledged and recorded on March 3d, at a quarter before twelve o'clock, noon.—*Held*, that the first mortgage was entitled to priority, the registering of the second mortgage not being notice to the first mortgagee, since at that time the vendee's deed had not been recorded; also, *Dusenbury* v. *Hulbert, 59 N. Y. 541.*

In *Bingham* v. *Kirtland, 7 Stew. Eq. 229,* T. H. made a deed to L. H. in 1867, which was recorded. L. H. made a deed back to T. H. in 1868, which was never recorded. T. H. gave a mortgage to B. in 1871 which, was recorded,. L. H. made a second deed to T. H. in 1872. In 1874 T. H. gave a mortgage to P.—*Held*, that P.'s mortgage was superior in lien to B.'s, P. having no actual notice of B.'s mortgage or of the deed to T. H. in 1868; see *Salisbury Sav. Bank* v. *Cutting, 50 Conn. 113, 122, note.*

In *Veazie* v. *Parker, 23 Me. 170,* a vendee received a deed from a debtor prior to an attachment against him, but did not record it until afterwards. He gave a mortgage to the debtor when his deed was executed, and this mortgage was recorded prior to the attachment.—*Held*, that the record of the mortgage was not notice of the unrecorded deed; also, *Pierce* v. *Taylor, Id. 246; Brown* v. *Tuthill, 1 Greene (Iowa) 189.*—REP.

H. Terhune and Peter Schoonmaker. On September 27th, 1882, they filed a bill in this court to foreclose that mortgage. The only defendants to that suit were John G. Semon and his wife. There was a final decree in the suit by default. It was entered February 5th, 1883, and execution was issued thereon for the sale of the mortgaged premises, which under it were sold May 3d, 1883, to John V. H. Terhune, for $500, and a deed therefor was given to him by the sheriff. He took possession under his deed and has been in possession ever since. The bill asks that an account be had with him, and that the property may be sold to pay, in the first place, to him the amount which may be found due to him in respect to the first mortgage, and then to pay the complainant what may be found due to him on his mortgage, with his costs, and that any balance of the proceeds of the sale be paid to Terhune. Terhune, by his answer, admits the making and recording of the complainant's mortgage, and states that the omission to make the holder thereof a party to the foreclosure suit upon the first mortgage was due to the fact that the record of the complainant's mortgage was indexed in a wrong place. The answer further alleges that in 1884 the then holder of the complainant's mortgage threatened to sue John G. Semon for the money due upon the bond, and that the latter then paid it and took an assignment of the bond and mortgage to the complainant, who has no interest in them but holds them for the use and benefit of John G. Semon and subject to his control. The complainant filed no replication, and the cause comes in for hearing upon bill and answer.

The foreclosure proceedings upon the first mortgage were a nullity as to the holders of the second mortgage. By his purchase at the sheriff's sale under them, Terhune obtained the title of the holders of the first mortgage and the equity of redemption of John G. Semon and his wife. But that equity of redemption was subject to the payment of the second mortgage if that mortgage was a valid lien, of which the purchaser at the sheriff's sale had notice, upon the property ; and if that mortgage were such lien, and Terhune had taken an assignment of it after his purchase, equity would not have permitted him to enforce payment from Semon of the bond which it was given to secure,

without giving Semon the benefit of a resort to the proceeds of the sale of the premises after satisfying the first mortgage therefrom. *Vanderkemp* v. *Shelton, 11 Paige 28.* The only question on this point in this case is whether the purchaser had notice—that is, whether he had constructive notice from the record. Had he consulted the record (the index is no part of it) he would have discovered that the title to the mortgaged premises remained in Richard M. Johnson up to September 30th, 1880, and that by a deed of that date Johnson conveyed them to John G. Semon, who, by a mortgage recorded after, although dated before that date, mortgaged them to Johnson. The fact that the mortgage bears date prior to the date of the deed would not, under the circumstances, have justified the purchaser in concluding that it was given before Semon acquired title, for it might have been due to a mistake in the date of the one instrument or the other. There was at least enough upon the record to put him, as a prudent man, upon inquiry. He had notice of the mortgage from the record; for in searching for mortgages by Semon from the date of his deed, September 30th, 1880, he would have found the mortgage. The doctrine of the cases of *Losey* v. *Simpson, 3 Stock. 246,* and *Spielmann* v. *Kliest, 9 Stew. Eq. 199,* is not at variance with that now enunciated. The doctrine of those cases is that one who proposes to purchase land or to take a mortgage upon it, is not bound to take notice of the record of a conveyance or mortgage made by one whose title-deed has not been recorded. And the reason is, that he has no clue to guide him in searching the record. But here the record showed the searcher the deed to Semon and his mortgage to his grantor. The mortgage was indeed dated before the date of the deed, but it was recorded after the latter date, and the deed itself was on record. It is urged that, according to the record, it appears that after Semon gave the mortgage to Johnson the latter conveyed the property to him by deed of a subsequent date, and so extinguished the mortgage; for, according to the dates of the instruments, Semon had no title when he mortgaged to Johnson, and, having no title, he mortgaged the property to the person who owned it. The inference from the condition of the record would be that there

was some mistake in the dates, and that in fact Johnson conveyed to Semon and then Semon mortgaged to him; or, that Semon mortgaged to Johnson before he acquired title, and, having acquired title afterwards, might be estopped from denying that the mortgage was valid. The record was notice of the mortgage.

But it is urged that if Terhune is chargeable with notice Semon is entitled to no relief, because, according to the answer, which is to be taken as true upon this hearing, he himself paid off the bond the payment of which the mortgage was given to secure, and the bond was his own. But if the land had, as between him and the purchaser at the foreclosure sale, become the primary fund for the payment of that mortgage, he is entitled to subrogation on paying it off (as he was compelled to do), because of his personal liability thereon. The value of the premises beyond what was necessary to pay the first mortgage was the primary fund to pay the second mortgage. *Vanderkemp* v. *Shelton, ubi supra.* And, under the circumstances, he is entitled to subrogation. *Stillman's Exrs.* v. *Stillman, 6 C. E. Gr. 126 ; Faulks* v. *Dimock, 12 C. E. Gr. 65 ; Tice* v. *Annin, 2 Johns. Ch. 125 ; Jumel* v. *Jumel, 7 Paige 591 ; Russell* v. *Allen, 10 Paige 249.*

There will be a decree for an account by Terhune of the rents and profits from the time of the delivery of the sheriff's deed to him, in which account he is to be allowed for lawful taxes and assessments paid by him and for moneys paid for necessary repairs. Should there be a balance against him on such accounting, it is to be credited on the amount due upon the first mortgage. Should the balance be in his favor he is to have it, as well as the amount due him in respect to the first mortgage, raised and paid to him out of the proceeds of the sale of the mortgaged premises, before payment of the second mortgage therefrom. There will also be an account of what is due upon the first and second mortgages, and the property will be sold to raise and pay, in the first place, to Terhune the amount found to be due upon the first mortgage, after crediting any balance of rents and profits which may be found against him. And if any balance is found in his favor he is to have the amount of it paid to him, as before stated,.

out of the proceeds of sale before payment of the second mortgage. He is not to have the costs of the foreclosure proceedings upon the first mortgage, nor the execution costs in that case. *Van Duyne* v. *Shann, 12 Stew. Eq. 6.* There will, then, be paid to the complainant the amount found due upon the second mortgage, with the costs of this suit, and the surplus, if any, will be paid to Terhune.