In re R.A. BECK BUILDERS, INC., a Pennsylvania corporation, Debtor.

Joseph E. SCHMITT, Trustee, Plaintiff,

v.

JOHN H. AULD & BROTHERS CO., INC., Lisk Plumbing & Heating Co., Inc., R.A. Beck Builders, Inc., Richard A. Beck and Rosemary A. Beck, individually and White Heating Co., Inc., Defendants and Third Party Plaintiffs,

v.

REGISTER AND RECORDER OF BUTLER COUNTY, Butler County Commissioners, and Register of Butler County, Third Party Defendants.

Bankruptcy No. 82-2750.
Adv. No. 83-0318.

United States Bankruptcy Court,
W.D. Pennsylvania.

Nov. 5, 1986.

Gary W. Short, Humphreys, Nubani & Short, Pittsburgh, Pa., for trustee.

Joseph E. Schmitt, Stonecipher, Cunningham, Beard & Schmitt, Pittsburgh, Pa., trustee.

Christopher A. Beck, Ravick, Beck & Henny, Pittsburgh, Pa., for debtor.

Bernhard Schaffler, Schaffler & Bohm, Pittsburgh, Pa., for defendants.

Peter J. Taylor, Pittsburgh, Pa., for third party defendants.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Presently before the Court is a Motion For Summary Judgment filed by the Third Party Defendants, the Register And Recorder of Butler County, the Butler County Commissioners, and the Register of Butler County. The issue presented is whether the Third Party Defendants can be found liable for damages resulting from a properly recorded, but misindexed deed to real property. Based upon Pennsylvania law, which we are bound to apply, we find that the Third Party Defendants are immune from liability for such damages, and their Motion For Summary Judgment must be granted.

The Plaintiff Trustee and Defendants, R.A. Beck Builders, Inc. ("Debtor") and Richard A. Beck and Rosemary A. Beck, individually, deny standing as Third Party Plaintiffs. However, the parties attended the hearing on this motion, and joined in the argument. The Court was advised that if summary judgment were granted only on the basis of governmental immunity, an additional summary judgment motion would be filed by the Defendants against the Trustee. The issue as to these parties would be whether the proper recording of the deed to certain real property, and/or the existence of "For Sale" signs on said property, listing telephone number contacts, constitute "constructive" notice sufficient to vitiate the Trustee's avoiding power under 11 U.S.C. § 544(a)(3). The parties have briefed and argued these very issues in the present motion. Therefore, as a matter of judicial economy, we decide these issues by finding that no genuine issue of material fact remains, and Summary Judgment will also be granted on the basis of constructive notice.

## FACTS

The Debtor filed a voluntary Chapter 11 petition on August 19, 1982. This Adversary Proceeding was commenced on February 7, 1983, as an action to avoid a transfer pursuant to § 544(a) of the Bankruptcy Code. The property in question is a tract of land, located in Butler County, which was conveyed by the Debtor to the original Defendants, John H. Auld & Brothers Company, Inc. ("Auld"), Lisk Plumbing & Heating Company, Inc. ("Lisk"), and White Heating Company, Inc. ("White") on September 14, 1981, based upon good and proper monetary consideration. The deed to the property was transmitted to the proper officials (Recorder of Deeds of Butler County) and was properly recorded on January 15, 1982. However, as a result of the negligence of a public employee, the deed was misindexed under the name of R.A. Beck, individually, whereas, it should

have been indexed under R.A. Beck Builders, Inc., a corporation.

Thereafter, in May of 1982, a sign was posted on the property which stated:

**FOR SALE COMMERCIAL PROPERTY**

**8.17 ACRES ZONE SP1**

**716 FT. FRONTAGE**

**366-0100 OR 961-0333**

The sign was knocked down in early July of 1982, but was replaced by July 23, 1982. An additional sign, offering the same information, was placed on another corner of the lot at that time. The telephone numbers listed are those of Auld and Lisk.

## ANALYSIS

The issues involved are twofold: first, do the Third Party Defendants enjoy immunity from liability for any damages resulting from the misindexing of the recorded deed; and second, do the recording of the deed and/or the posting of the "For Sale" signs constitute "constructive" notice that vitiates the Trustee's avoiding powers under § 544(a)(3).[1] For reasons hereinafter set forth, we determine the answer to both questions in the affirmative.

## THIRD PARTY DEFENDANT LIABILITY

■ The Third Party Defendants raise two (2) defenses to the enforcement of liability against them for the misindexing of the deed in question. Initially, they claim they are not liable for the negligent acts of their subordinates under the doctrine of *respondeat superior*. Additionally, they argue that even if the doctrine were appropriately raised against them, Pennsylvania's statutory law grants them governmental immunity.

None of the parties have identified the specific clerk in the Recorder's Office guilty of the misindexing. Under the law of Pennsylvania, that negligent individual might be held liable.[2] However, "a public officer is not liable for the negligence of his official subordinates, unless he commanded the negligent act to be done". *Commonwealth v. Roberts*, 392 Pa. 572, 141 A.2d 393 (1978). The Court in *Roberts* quoted from the Restatement of Agency § 220(1) for the definition of a "servant", wherein a master could be held liable under the doctrine of *respondeat superior*.

> "A servant is a person employed to perform services for another *in his affairs* and who, with respect to his physical conduct in the performance of the service, is subject to the other's control or right of control." (Emphasis supplied). Control of the subordinate is but one of the essential elements. It is also necessary to the rule of *respondeat superior* that the subordinate be employed to perform services in the affairs of the master.

141 A.2d at 399.

The Court held that the individual employees, working in a public office (*Roberts* involved the Prothonotary's office), were responsible for the affairs of the government, not those of the public officers who acted only in their supervisory capacities.

■ Even if the doctrine of *respondeat superior* did apply to public officials in their public capacities, the Third Party Defendants would be statutorily immune from any liability for damages resulting from the misindexing of the deed.

In 1973, the Pennsylvania Supreme Court abrogated the common law doctrine of governmental immunity. *Ayala v. Philadel-*

---

1. We note that the Trustee, in a final creative effort, moved the Court to allow the amendment of this adversary to include a rather novel preference action. While we recognize that amendments are to be liberally allowed, we will not do so in this case. The Trustee claims this untimely amendment will not prejudice anyone; however, we believe that his participation in the present Summary Judgment motion precludes this claim.

2. Since the enactment of the Political Subdivision Tort Claims Act, cited *infra*, this person's liability is also questionable. However, it is not presently necessary for this Court to make such a determination.

*phia Board of Education,* 453 Pa. 584, 305 A.2d 877 (1973). Just over five years later, the Pennsylvania Legislature responded with the enactment of the Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8541 et seq. The pertinent sections are as follows:

### § 8541. Governmental immunity generally

Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.

### § 8542. Exceptions to governmental immunity

(a) **Liability imposed**—a local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b);

(1) The damages would be recoverable under common law ... if the injury were caused by a person not having available a defense under section 8541 ...; and

(2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b) ...

The statute goes on to list and explain the various acts for which liability may be imposed. They are: 1) Vehicle liability; 2) Care, custody or control of personal property; 3) Real property (in the possession of the local agency); 4) Trees, traffic controls and street lighting; 5) Utility service facilities; 6) Streets; 7) Sidewalks; and 8) Care, custody and control of animals.

The only subsection which could conceivably apply to the case at bar is that dealing with personal property. That section states:

(b) **Acts which may impose liability.** The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

(2) **Care, custody or control of personal property.** The care, custody or control of personal property of others in the possession or control of the local agency. The only losses for which damages shall be recoverable under this paragraph are those property losses suffered with respect to the personal property in the possession or control of the local agency.

The Pennsylvania Courts which have addressed this issue have stated that the enumerated exceptions are to be narrowly construed. *Casey v. Geiger,* 346 Pa.Super. 279, 499 A.2d 606 (1985); *Aberant v. Wilkes-Barre Area School District,* 89 Pa. Cmwlth. 516, 492 A.2d 1186 (1985); *Vann v. Board of Education of School District of Philadelphia,* 76 Pa.Cmwlth. 604, 464 A.2d 684 (1983).

Clearly, then, when read into the facts of the instant case, the statutory waiver of immunity in 42 Pa.C.S.A. § 8542(b)(2) reaches only to damages occurring to the deed itself, and not to the attendant property rights associated therewith. The allegations made in the pleadings and arguments have no relationship to the condition of the deed itself. Therefore, as a matter of law, the Third Party Defendants are immune from liability for the misindexing of the deed.

### CONSTRUCTIVE NOTICE

The question of constructive notice, and its effect on the Trustee's status under § 544(a)(3), is a bit more complex. Section 544(a)(3) states in pertinent part:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee ...

the rights and powers of, or may avoid any transfer of property of the debtor ... that is voidable by—

(3) a bona fide purchaser of real property, ... from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time

of the commencement of the case, whether or not such a purchaser exists.

The "knowledge" to which the Code refers in subsection (a) is not synonymous with "notice", but means "actual notice". The Trustee remains bound by any "constructive notice" he has, if the applicable law referred to in subsection (a) maintains that constructive notice voids the possibility of achieving bona fide purchaser status.

The law in Pennsylvania states that, in order for a buyer to hold the status of a bona fide purchaser, he must take title to the property without notice, actual *or* constructive, of any other claim to the property. *Long John Silver's, Inc. v. Fiore,* 255 Pa.Super. 183, 386 A.2d 569 (1978) (and cases cited therein). *See also, McCannon v. Marston,* 679 F.2d 13 (3rd Cir.1982).

The question in the case at bar, therefore, is whether the duly recorded but misindexed deed and/or the "For Sale" signs located on the property in question, are sufficient constructive notice to deny bona fide purchaser status to the Trustee.

The Trustee has argued that two Pennsylvania statutes, which provide for notice through the recording of deeds, and through the indexing of such deeds, are in conflict; and, that they should be interpreted to mean that proper indexing, which directs a prudent title searcher to the record, is the necessary occurrence to create constructive notice. The pertinent statutory language, at 16 P.S. § 9853, and 21 P.S. § 357, states:

### § 9853. Index to be notice

The entry of recorded deeds and mortgages in said indexes, respectively, shall be notice to all persons of recording of the same.

### § 357. Constructive notice as result of recordation

The legal effect of the recording of such agreements shall be to give constructive notice to subsequent purchasers, mortgagees, and/or judgment creditors of the parties to said agreements of the fact of the granting of such rights or privileges and/or of the execution of said releases, and the rights of the subsequent purchasers, mortgagees, and/or judgment creditors of the parties to said agreements shall be limited thereby with the same force and effect as if said subsequent purchasers, mortgagees, and/or judgment creditors had actually joined in the execution of the agreement or agreements aforesaid.

The law in Pennsylvania requires that if two statutes are in conflict, they must be construed, if possible, so that both are given effect. *Laczkowski v. Laczkowski,* 344 Pa.Super. 154, 496 A.2d 56 (1985); *Young v. Young,* 320 Pa.Super. 269, 467 A.2d 33 (1983); *rev'd on other grounds,* 507 Pa. 40, 488 A.2d 264 (1985); *Appeal of Yerger,* 460 Pa. 537, 333 A.2d 902 (1975).

■ We have been unable to find any cases which deal with this particular construction problem, nor have the parties cited any. However, it appears to this Court that if faced with this issue, the Pennsylvania Supreme Court would find that the statutes can be harmonized. In reading the statutes together, it is clear that if an entry appears in the appropriate index, such entry constitutes notice of the recording. However, § 9853 does not create the negative inference which the Trustee argues, *inter alia,* that lack of indexing is notice that no deed has been recorded. On the contrary, § 357, which was enacted over fifty (50) years after § 9853, states that the actual recording of the deed is sufficient to create constructive notice. It is presumed that the Legislature was aware of § 9853 when § 357 was enacted, and found no apparent discrepancy.

The Trustee argues that such an interpretation would require a prudent title searcher to go beyond the indexes, and search, page by page, volume by volume, the deed books created since the recording of the deed to the grantor. We agree that this appears to be a burdensome responsibility; however, as a federal court sitting in Pennsylvania, it is beyond the scope of our power to effect any change in the outcome. This is clearly the realm of the

state legislature, and we will not infringe upon it.

Our determination, that constructive notice did exist, does not rest exclusively upon the recording statute. The property in question bore a "For Sale" sign, which included two telephone numbers, traceable to Auld and Lisk. We must further determine if this sign (and the additional sign erected on the property several months later) constitute constructive notice.

The law in Pennsylvania states:

[c]lear and open possession of real property generally constitutes constructive notice to subsequent purchasers of the rights of the party in possession. Such possession ... obliges any prospective subsequent purchaser to inquire into the possessor's claimed interests, equitable or legal, in that property.

*McCannon v. Marston, supra* at 16; *see also, Kinch v. Fluke,* 311 Pa. 405, 166 A. 905 (1933); *Long John Silver's, Inc. v. Fiore, supra.*

■ If the sign merely said "For Sale", we believe there would be no duty to further inquire into the claimed interest. Similarly, if the sign said "For Sale—call Auld or Lisk", we believe there would be an inherent duty to inquire. In turning to the facts of the case at bar, we hold that the existence of the two telephone numbers on the sign, traceable to Auld and Lisk, is a sufficient claimed interest to put a prospective subsequent purchaser on constructive notice.

The position of a bona fide purchaser is a lofty one; it is available only to the reasonably prudent person. A truly reasonable purchaser would inquire about a "For Sale" sign bearing unfamiliar telephone numbers. A simple telephone call to either of the posted numbers would have adduced the ownership claims of Auld, Lisk and White, purchasers who paid good and fair consideration for their ownership rights.

In so determining, we find that the Trustee, having constructive notice of an interest adverse to the Debtor, cannot be placed in the shoes of bona fide purchaser,

and therefore is unable to avail himself of the § 544 avoiding powers.

An appropriate Order will be issued.