FIRST CITIZENS NATIONAL
BANK, Appellee,

v.

Arthur W. SHERWOOD, Appellant,

and

Bradford County Recorder of Deeds.

Superior Court of Pennsylvania.

Argued Nov. 20, 2002.
Filed Feb. 5, 2003.

Joseph G. Ferguson, Scranton, for appellant.

William A. Shaw, Sayre, for First Citizens National Bank, for appellee.

Before: STEVENS, OLSZEWSKI and BECK, JJ.

OPINION BY BECK, J.

¶ 1 We address the question of whether a subsequent purchaser of real estate is deemed to have received notice of a mortgage lien where the lien was misindexed but was properly recorded in the office of the recorder of deeds. We conclude that proper notice requires a diligent search on the part of the purchaser, and that the question of diligence is a factual one to be determined by the accessibility of the records at the time of the search.

¶ 2 This is an appeal from the order of the Bradford County Court of Common Pleas granting summary judgment in favor of the Plaintiff/Appellee in this Action to Quiet Title. For the reasons that follow, we remand this case to the trial court for further proceedings.

¶ 3 The pertinent facts are as follows. In November of 1996, the Appellee First Citizens National Bank ("The Bank") ac-quired title to certain real property known as 160 Main Street, Troy, Bradford County, Pennsylvania, by virtue of a Sheriff's Deed. Prior to The Bank's acquisition of the property, it was titled in the name of J. Joel Turrell, as Trustee for Genevieve Van Noy. In 1984, J. Joel Turrell, as Trustee for Genevieve Van Noy, executed a mortgage in favor of Appellant Arthur W. Sherwood. While the Bradford County Recorder of Deeds properly recorded the mortgage, the mortgage itself was misindexed. Instead of being indexed under the name "J. Joel Turrell, Trustee for Genevieve Van Noy," or under the name "J. Joel Turrell," it was indexed under the name "Genevieve Van Noy." The Bank searched the index in anticipation of acquiring the property. The index did not reveal the lien of mortgage. Upon learning of the lien of mortgage, The Bank brought this Action to Quiet Title.

¶ 4 The trial court found that the mortgage was improperly indexed under the name of Genevieve Van Noy. The court reasoned that since proper notice requires only a search of the index, The Bank, as a subsequent purchaser, performed a diligent search. As such, it would not be charged with notice of the lien of the mortgage. The trial court accordingly granted summary judgment in favor of The Bank.[1]

¶ 5 In this appeal, Appellant does not question the trial court's determination that the lien of mortgage was indexed under an improper name. Instead, Appellant contends that given the fact that the

---

1. We note the trial court ordered The Bank to join the Bradford County Recorder's Office as an additional defendant. Summary judgment was granted against the Bradford County Recorder's Office in favor of The Bank, to which Appellant Bradford County Recorder's Office filed a timely appeal. By letter dated May 2, 2002, the Appellant Bradford County Recorder's Office joined the brief of Appellant Sherwood. Though Appellant Sherwood, in its brief, states that Appellant Bradford County Recorder's Office withdrew their appeal on November 5, 2001, there is nothing in the record to support this. Additionally, although Appellant Bradford County Recorder's Office submitted a letter joining this brief after the date upon which a brief from them was due, The Bank has not objected and we will therefore include Appellant–Bradford County Recorder's Office in Appellant Sherwood's brief.

mortgage was properly recorded,[2] though improperly indexed, a diligent search of the records would have revealed the lien of mortgage. Thus the trial court erred in finding as a matter of law that The Bank performed a diligent search. Appellant argues that The Bank should have been charged with constructive notice of the prior lien, therefore summary judgment was improper. The Bank, on the other hand, argues that improper indexing is fatal, and a subsequent purchaser cannot be charged with notice of the lien of mortgage.

¶ 6 The precise question presented for our determination is whether a purchaser has constructive notice of the existence of a mortgage when the mortgage is properly recorded, but defectively indexed.

¶ 7 Our review on an appeal from the grant of a motion for summary judgment is well settled. Summary judgment may be granted only in those cases in which the record clearly shows that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *P.J.S. v. Penn. State Ethics Comm'n*, 555 Pa. 149, 153, 723 A.2d 174, 176 (1999). A reviewing court may disturb the order of the trial court only where it determines that the court committed an error of law or abused its discretion. *Capek v. Devito*, 564 Pa. 267, 270, 767 A.2d 1047, 1048 n. 1 (2001). As this appeal presents questions of law, our review is plenary. *Phillips v. A–Best Products Co.*, 542 Pa. 124, 130, 665 A.2d 1167, 1170 (1995).

¶ 8 The law pertaining to the facts of this case remains unresolved in this Commonwealth. The Bank relies heavily upon an old case, *Prouty v. Marshall*, 225 Pa. 570, 74 A. 550 (1909). In *Prouty*, the mortgagor's name was improperly recorded *and* improperly indexed. *Id.* at 571, 74 A. at 550. Though understandably finding that errors in both recording and indexing cannot give a subsequent purchaser notice, the *Prouty* Court further found that due to the fact that indexes are required to be kept under the Act of 1875, March 18, P.L. 32,[3] failure to index renders the record defective. *Id.* at 572, 74 A. at 550. The Act, as it is currently written, states that "[t]he entry of recorded deeds and mortgages in said indexes, respectively, shall be notice to all persons of recording of the same." 16 P.S. § 9853. While the Act does not cover the *mis*-entry of mortgages in indexes, the *Prouty* Court found that a subsequent purchaser may rely solely upon the index, therefore there is not adequate notice when a mortgage is improperly indexed. *Id.* at 574, 74 A. at 551.

■ ¶ 9 Nearly twenty-five years after the *Prouty* decision, the legislature enacted 21 P.S. § 357,[4] titled "Constructive notice as a result of recordation." It provides as follows:

The legal effect of the *recording* of such agreements [as defined in § 356] shall be to give constructive notice to subsequent purchasers, mortgagees, and/or judgment creditors of the parties to said agreements of the fact of the granting of such rights or privileges and/or of the execution of said releases, and the rights of the subsequent purchasers, mortgagees, and/or judgment creditors of the parties to said agreements shall be limited thereby with the same force and effect as if said subsequent purchasers,

---

2. This is a fact which The Bank does not dispute.

3. The Act of 1875, March 18, P.L. 32, is now 16 P.S. §§ 9851–9854.

4. Originally the Act of 1931, April 24, P.L. 48, No. 40 § 2.

mortgagees, and/or judgment creditors had actually joined in the execution of the agreement or agreements aforesaid. 21 P.S. § 357 (emphasis added).[5]

■ ¶ 10 Appellant relies on a Third Circuit Bankruptcy Court interpretation of the above statute. *See In re: R.A. Beck Builders, Inc.*, 66 B.R. 666 (Bkrtcy. W.D.Pa.1986). *Beck Builders* decided the precise issue before us. *Id.* at 668. The court read 16 P.S. § 9853[6] and 21 P.S. § 357 together,[7] and found that, although the language of § 9853 means that a correct entry in an index is sufficient constructive notice of a recording, the negative inference that no entry found in an index means there is not a recording, is not true. *Id.* at 670. In view of the fact that § 357, enacted over fifty years after § 9853, specifically states that a recording shall give constructive notice, and makes no mention of indexing, the court found that as long as a deed or mortgage is properly recorded, even if not properly indexed, constructive notice is properly provided to a subsequent purchaser. *Id.*[8]

¶ 11 Our research reveals several views as to notice to a subsequent purchaser where a mortgage lien has been misindexed. In New York, due to the fact that state law specifically provides that indexes are part of the record, there is no constructive notice when a mortgage has been misindexed. *Coco v. Ranalletta*, 189 Misc.2d 535, 733 N.Y.S.2d 849 (N.Y.Sup.

Ct.2001). The Maryland courts too have found no constructive notice when the mortgage is misindexed. *See Waicker v. Banegura*, 357 Md. 450, 745 A.2d 419 (2000). However, the Florida courts have held that misindexing is not fatal. *See Anderson v. North Florida Production Credit Ass'n*, 642 So.2d 88 (Fla.Dist.Ct. App.1994). The Washington D.C. courts too have found that misindexing does not automatically indicate that there cannot be constructive notice. *See In re Harris*, 183 B.R. 657 (D.D.C.1995).

¶ 12 According to New Jersey's earlier decisions, misindexing was not fatal, as it was the searcher's responsibility to examine the records as well as the indexes.[9] More recent New Jersey decisions have limited this holding recognizing that requiring searchers to examine voluminous records is simply not practical. *Howard Savings Bank v. Brunson*, 244 N.J.Super. 571, 582 A.2d 1305 (1990); *see also Manchester Fund v. First American Title Insurance Co.*, 332 N.J.Super. 336, 753 A.2d 740 (1999). The *Howard Savings Bank* court suggested a middle road and injected the concept of the reasonableness of the search. *Howard Savings Bank, supra.* It held a "subsequent purchaser will be bound only by those instruments which can be discovered by a 'reasonable search'[...]." *Id.* at 1308–1309, *quoting Palamarg Realty Co. v. Rehac*, 80 N.J.

---

5. Though The Bank contends that mortgages and deeds are not to be included as "agreements" under § 357, it is quite clear under 21 P.S. § 356 that agreements are all writings relating to real property, including mortgages and deeds.

6. Formerly the Act of 1875, March 18, P.L. 32, relied on by the *Prouty* Court.

7. Under *Laczkowski v. Laczkowski*, 344 Pa.Super. 154, 496 A.2d 56 (1985), if two statutes

are in conflict, they must be construed, if possible, so that both are given effect. *Beck Builders, supra* at 670.

8. *See Dorn v. Stanhope Steel, Inc.*, 368 Pa.Super. 557, 534 A.2d 798 (1987), *appeal denied*, 518 Pa. 656, 544 A.2d 1342 (1988) (finding that this Court is not bound by a federal district court's interpretation of state law).

9. *See, e.g., Semon v. Terhune*, 40 N.J. Eq. 364, 2 A. 18 (N.J.Ch.1885).

446, 404 A.2d 21 (1979).[10] The court further noted that "what is reasonable under the circumstances existing in one generation may be unreasonable under those existing in a subsequent generation." *Howard Savings Bank, supra* at 1309. The *Howard Savings Bank* court found in the case before it that a search of the indexes, alone, would suffice as a diligent search. *Id.* Under the circumstances, it was unreasonable to require the purchaser to search the vast volumes of records.

¶ 13 In Pennsylvania the relevant statutes and case law do not clearly answer the question of whether the search of the index, without more, is sufficient to constitute a diligent search, and therefore notice. 21 P.S. § 357, and 16 P.S. § 9853. If it is to be considered a diligent search, then the misindexed mortgage lien would make the lien a nullity as to a subsequent purchaser. While at one time it might be successfully argued that the index should control because to require the purchaser to go beyond the index places an unfair burden on the purchaser, this may no longer be the case. The computerization of all records, whether they be indexes, mortgage records or other relevant documents, lightens for the purchaser the burden which existed only a few years ago. What in the past may have been considered a diligent search may no longer be so considered because of the ease of retrieving computerized information relevant to encumbrances on property.

■■■■ ¶ 14 Therefore, the question of whether the search is diligent can no longer be approached as a mechanical question; it must now be viewed in its factual context. The fact finder must determine what steps the purchaser should reasonably have taken in pursuing a title search. The purchaser must take all reasonable steps to discover encumbrances in order to have performed a diligent search. If the records in the county are not computerized or are not easily accessible, then the finder of fact may conclude a search of the index is sufficient. If, on the other hand, the records are easily accessible, then a diligent search may require review of those records. We hold that if the fact finder concludes under an objective standard of reasonableness that a diligent search has been made, then the result of that search shall constitute notice.

¶ 15 On this record, the court's decision was mechanical. The court assumed that relying on indexes was sufficient. Based on the standard set forth above, the trial court committed an error in granting summary judgment in favor of The Bank. We therefore remand this case for further proceedings consistent with this opinion.

¶ 16 Remanded. Jurisdiction not retained.

**In re: J.T. and R.T.**

---

10. *See also Sonderman v. Remington Construction Co.,* 127 N.J. 96, 603 A.2d 1 (1992).