**In re Andrew J. HABURJAK, Jr. and Denise R. Haburjak, f/k/a Denise R. Baldock, Debtors.**

**Citifinancial Services, Inc., Movant,**

v.

**Andrew J. Haburjak, Jr. a/k/a Andrew J. Haburjak, and Denise R. Haburjak, f/k/a Denise R. Baldock, and Carlota M. Bohm, Esquire, Trustee, Respondents.**

**No. 03–33278–MBM.**

United States Bankruptcy Court, W.D. Pennsylvania.

April 23, 2004.

Frank L. Majczan, Jr., Bethlehem, PA, for Citifinancial Services, Inc.

Douglas A. Campbell, Pittsburgh, PA, for Andrew J. Haburjak, Jr.

Carlota M. Bohm, Pittsburgh, PA, for the Trustee.

## MEMORANDUM OPINION

M. BRUCE McCULLOUGH,
Bankruptcy Judge.

Citifinancial Services, Inc. (hereafter "Citifinancial") moves for relief from stay so that it may proceed with its state remedies regarding residential realty that is owned by the debtor Andrew J. Haburjak, Jr. (hereafter "the Debtor"), and upon which realty Citifinancial asserts that it possesses a perfected mortgage lien. The realty in question is located in the 15th Ward of the city of Pittsburgh, Pennsylvania, and is known as 131 Ashton Avenue, Pittsburgh, Pennsylvania 15207 (hereafter "the Realty"). Citifinancial contends that the total balance due and owing from the Debtor on the loan allegedly encumbered by its mortgage lien equals $26,000, which assertion, although denied by Carlota Bohm, the Chapter 7 Trustee in the instant bankruptcy case (hereafter "the Trustee"), does not appear to be denied by the Debtor. Citifinancial also maintains that the fair market value of the Realty equals $28,000, and that the Debtor lacks any equity in the Realty after taking into account the amount of other mortgages, real estate taxes due and owing, and costs of sale on the Realty that would be incurred were the Realty to be sold. Although the Trustee denies the latter assertion as well, the Debtor concedes that the realizable value of the Realty does not exceed $20,000, which means that the Debtor apparently concedes that he presently lacks any equity in the Realty provided that Citifinancial possesses a perfected mortgage lien upon the Realty. Finally, Citifinancial maintains that stay relief regarding the Realty is appropriate because, asserts Citifinancial, the Realty is not necessary for an effective reorganization. The latter point is not only not denied by the Debtor but is also conceded by the Trustee.

Because the Trustee, in the Joint Brief of the Debtor and the Trustee, does not pursue further any of the aforesaid points of contention between herself and Citifinancial regarding Citifinancial's stay relief request, the Court does not understand either the Debtor or the Trustee to seriously contest the appropriateness at this time of a grant of stay relief to Citifinancial pursuant to 11 U.S.C. § 362(d)(2) provided that Citifinancial possesses a perfected mortgage lien upon the Realty. However, the Debtor and the Trustee both adamantly maintain (a) first that Citifinancial lacks entirely any mortgage lien, perfected or otherwise, on the Realty, and (b) second that, if Citifinancial possesses a mortgage lien on the Realty, that such mortgage lien is unperfected. Furthermore, the Debtor and the Trustee contend that, if they are correct that Citifinancial's alleged mortgage lien is unperfected even supposing *arguendo* that it is found by the Court to exist, then the Trustee may avoid such mortgage lien pursuant to 11 U.S.C. § 544(a).[1] Of course, if Citifinancial lacks

---

1. As an aside, counsel for the Debtor contends that such counsel possesses two mortgage liens—presumably perfected—on the Realty as well, and that those two mortgage liens

entirely any mortgage lien on the Realty, or if such mortgage lien exists but can nevertheless be avoided pursuant to § 544(a), then the Debtor would possess equity in the Realty, in which event stay relief in Citifinancial's favor would be inappropriate. Because they argue that the foregoing suggests that the Debtor possesses equity in the Realty, the Debtor and the Trustee oppose Citifinancial's stay relief motion.

The Debtor and the Trustee inform the Court that the Trustee intends to commence an adversary proceeding to effectuate avoidance of Citifinancial's alleged mortgage lien on the Realty. However, as of the date of the entry of the instant opinion, such proceeding had yet to be so commenced. Because the Court determines that it can presently resolve the merits of the Trustee's lien avoidance position vis-a-vis the Realty on the basis of relevant, undisputed facts that are set forth in the parties' papers submitted with respect to the instant stay relief motion, the Court will, within the context of such motion, dispose of such lien avoidance position at this time. The Court, within the context of the instant stay relief motion, will, of course, also presently resolve whether Citifinancial even possesses a mortgage lien on the Realty.

### STATEMENTS OF FACTS

The parties agree that the Debtor acquired his interest in the Realty by way of a deed dated January 10, 1992, which deed (hereafter "the Deed") was properly recorded and wherein the Debtor's name is shown as "Andrew J. Haburjak, Jr." The parties also agree that the Debtor refinanced an obligation to. Citifinancial on December 12, 2002, and that, in connection therewith, the Debtor executed a mortgage document of like date (hereafter "the Mortgage"), which document, in turn, was recorded by Citifinancial in the appropriate location, that is with the Allegheny County Recorder of Deeds Office (hereafter "the Recorder of Deeds"). Also undisputed are the facts (a) that, in the Mortgage itself, the mortgagor is identified as "Andrew J. Haburjak" rather than "Andrew J. Haburjak, Jr.," and (b) that the Mortgage is indexed under the name "Andrew J. Haburjak" rather than "Andrew J. Haburjak, Jr."

An examination of the Deed and the Mortgage, both of which are attached as exhibits to the Joint Brief of the Debtor and the Trustee, reveals that both describe an identical piece of realty as the realty that is the subject of both. An examination of the Mortgage, which document contains seven pages, also reveals that the name "Andrew J. Haburjak Jr." appears in typewritten print at the top left portion of pages 2—7 thereof. Citifinancial contends, the Debtor and the Trustee fail to deny, and thus the Court finds that, when the Debtor executed the Mortgage without appending to his signature the suffix "Jr." he then also executed a disclosure statement, note, and security agreement, and that he executed the latter documents by appending the suffix "Jr." to his signature.

The Debtor and the Trustee contend that the Mortgage is ineffectual to encumber the Realty because the name of the owner of the Realty as listed on the Deed—ie., "Andrew J. Haburjak, Jr."—does not coincide with the name of the mortgagor as listed on the Mortgage—ie., "Andrew J. Haburjak." The Debtor contends further that (a) the Mortgage, by

prime that of Citifinancial because, as set forth above, such mortgage lien of Citifinan-

cial is, as such counsel argues, unperfected.

naming "Andrew J. Haburjak" as the mortgagor therein, thereby names the Debtor's father rather than the Debtor as such mortgagor, and (b) the Mortgage must thus be ineffectual because the Debtor's father, who does not own any interest in the Realty, could not possibly have granted a mortgage interest in the Realty to Citifinancial.

The Debtor and the Trustee also contend that, in any event, the Mortgage has always been and remains at this time unperfected, and argue as much by arguing or appearing to argue, in turn, that (a) the record of the Mortgage on file with the Recorder of Deeds, because it discloses that "Andrew J. Haburjak" rather than "Andrew J. Haburjak, Jr." is the mortgagor therein, fails to provide constructive notice that a mortgage in the Realty has been granted to Citifinancial, (b) proper recording of a mortgage without proper indexing of the same is ineffectual, in any event, to provide constructive notice of such mortgage, and (c) the Mortgage was improperly indexed, even assuming *arguendo* that it was properly recorded, given that it was indexed in the name of "Andrew J. Haburjak" rather than "Andrew J. Haburjak, Jr."

Citifinancial, as one would expect, vigorously disputes each of the positions taken by the Debtor and the Trustee as recounted above.

### DISCUSSION

For the reasons explained below, the Court holds that (a) the Mortgage effectually encumbers the Realty, that is Citifinancial possesses a lien on the Realty by way of the Mortgage, (b) the Mortgage as recorded, by virtue of such recording alone, provides constructive notice of the Mortgage such that the Mortgage has always been and remains perfected, (c) the Mortgage has also always been and remains properly indexed with the Recorder of Deeds, thereby also providing constructive notice of the Mortgage so that the same is perfected, (d) the Mortgage thus cannot be avoided by the Trustee pursuant to § 544(a), (e) the Debtor thus lacks any equity in the Realty, and (f) Citifinancial's instant stay relief motion should thus be granted pursuant to § 362(d)(2).

**I.  *Whether the Mortgage effectually encumbers the Realty, that is whether Citifinancial possesses a lien on the Realty by way of the Mortgage?***

▉ The sole basis offered by the Debtor and the Trustee for their position that the Mortgage is ineffectual to encumber the Realty is that the name of the owner of the Realty as set forth in the Deed does not coincide with the name of the mortgagor as indicated in the Mortgage. The only difference between the two names at issue is that the Debtor's name with the suffix "Jr." appended thereto appears on the Deed as the owner of the Realty whereas the Debtor's name without the suffix "Jr." appears on the Mortgage as the mortgagor. The Court must presume that the essence of the Debtor's and the Trustee's position is that the Mortgage is ineffectual because the Mortgage fails to sufficiently describe the identity of the mortgagor, that is it is impossible, when examining the Mortgage, to ascertain whether the mortgagor therein is the Debtor or—as the Debtor and the Trustee maintain—the Debtor's father given that the description in the Mortgage of the mortgagor omits the suffix "Jr." from the name "Andrew J. Haburjak."

The parties to a mortgage should be described in such a manner that their identity may be ascertained and established, but the description is sufficiently certain if the identity can be ascertained through the application of the maxim *id*

*certum est quod certum reddi potest* (that is certain which can be made certain).

8 P.L.E.2d *Commercial Transactions* § 53 (Bender 2000); 59 C.J.S. *Mortgages* § 98 (West 2004). Moreover, "[t]he granting clause of the mortgage does not alone furnish the means of identifying the parties liable." 59 C.J.S. *Mortgages* § 98. Indeed, "[e]xtrinsic evidence has been held admissible to identify the person or persons intended to be designated by the name used in the mortgage." 54A Am. Jur.2d *Mortgages* § 23 (West 2004); *see also* 59 C.J.S. *Mortgages* § 98 (same). Finally, "[i]t has been ruled that the suffix 'Jr.' is not part of a man's name, and that where the only difference between two names is the addition of such a suffix, both names are presumed to refer to the same person until the contrary is affirmatively alleged and proved." *Reichley v. Mellott*, 13 Pa.D. & C. 164, 165 (Pa.Com.Pl.Ct. 1929); *see also Barger v. Snider*, 2 Pa.D. & C.4th 259, 260–262 (Pa.Com.Pl.Ct.1988) (same, citing numerous Pennsylvania cases); *Maher v. Deam*, 137 N.E.2d 149, 151 (Ohio Ct.App.1956) (holding that a failure to attach the suffix "Junior" to a name did not serve to identify the father since, "by parity of reasoning[,] it can be concluded that[,] because the pleader failed to add the suffix 'Senior' the son is the" party so identified). At a minimum, "[t]he use, or nonuse, of such suffix is immaterial, if the identity is [otherwise] established." *Valvoline Oil Co. v. Banes*, 41 Pa.D. & C. 547, 548 (Pa.Com.Pl.Ct.1941).

■ Applying the foregoing law to the instant matter, there can be no doubt that the Mortgage identifies as the mortgagor therein precisely the same person that is listed as the owner of the Realty as set forth in the Deed. The Court must conclude as it does because, presuming *arguendo* that the granting clause in the Mortgage serves to cloud such identification, the fact that the name "Andrew J. Haburjak Jr." appears in typewritten print at the top left portion of pages 2–7 of the Mortgage makes clear that Andrew J. Haburjak, Jr. is the mortgagor therein, which person is also so identified in the Deed as the owner of the Realty. Furthermore, extrinsic evidence in the form of a disclosure statement, note, and security agreement that was executed by the Debtor when he executed the Mortgage also makes clear that Andrew J. Haburjak, Jr. is the mortgagor therein. Finally, because the suffix "Jr." is not considered to be part of the Debtor's formal name, and since the only difference between the name of the owner in the Deed and the name of the mortgagor in the Mortgage is the inclusion of the suffix "Jr." in the former and the exclusion of the same in the latter, both names, that is "Andrew J. Haburjak, Jr." and "Andrew J. Haburjak," are presumed to refer to the same person until the contrary is affirmatively alleged and proved; because the Debtor and the Trustee fail to prove the contrary, and in fact have largely conceded the contrary not to be the case, the foregoing presumption remains a valid one.

In light of the foregoing, the Mortgage effectually encumbers the Realty, that is Citifinancial possesses a lien on the Realty by way of the Mortgage.

**II. *Whether the Mortgage as recorded, by virtue of such recording alone, provides constructive notice of the Mortgage such that the Mortgage is perfected?***

■■ As an initial matter, the Court understands the Debtor and the Trustee to argue, aside from the issue that indexing raises, that the record of the Mortgage on file with the Recorder of Deeds, simply because it discloses that "Andrew J. Ha-

burjak" rather than "Andrew J. Haburjak, Jr." is the mortgagor therein, fails to provide constructive notice that a mortgage in the Realty has been granted to Citifinancial. Such argument, in particular, fails, however, because (a) "[p]roper recordation of a mortgage gives constructive notice to all persons of that which the record contains," *Demharter v. First Federal Savings & Loan Association of Pittsburgh,* 412 Pa. 142, 194 A.2d 214, 217 (1963); *see also* 7 Summ.Pa.Jur.2d *Property* § 21:39 (West 2004) (recording gives constructive notice "of everything contained in the record"); 59 C.J.S. *Mortgages* § 242 (West 2004) (same), (b) the Debtor and the Trustee do not dispute that the Mortgage was itself properly recorded with the Recorder of Deeds, and (c) among the contents of the record, that is the Mortgage instrument that is recorded, is the typewritten print at the top left portion of pages 2—7 of the Mortgage, which typewritten print reveals that "Andrew J. Haburjak Jr." is the mortgagor therein. Aside from the foregoing, however, and regardless of whether portions of the Mortgage outside of the granting clause serve to clear up any confusion regarding the identity of the mortgagor therein, the recording of the Mortgage, because it gives constructive notice of everything that appears in such recorded instrument, gives constructive notice, in any event, that Citifinancial has been granted a mortgage interest in the identical plot of land that is also described in the Deed. Indeed, it has been written that, with respect to the omission of a middle initial in the recording of a mortgage, "the omission of the middle initial of a name does not avoid the lien of the mortgage, for a mere inspection of the recorded instrument itself would disclose whether it was upon the land whose title is being searched." *Arch Street Building and Loan Association v. Sook,* 14 Pa.D. & C. 794, 795 (Pa.Com.Pl.Ct.1931), *aff'd,* 104

Pa.Super. 269, 158 A. 595 (1932). Therefore, the recording of the Mortgage, by virtue of such recording alone, provides constructive notice that a mortgage in the Realty has been granted to Citifinancial, provided that indexing of the Mortgage is unnecessary to the provision of such constructive notice.

The Debtor and the Trustee next argue, however, that proper indexing of the Mortgage is essential to constructive notice, that is that proper recording of the Mortgage without proper indexing of the same is ineffectual, in any event, to provide constructive notice of such mortgage lien. The Debtor and the Trustee argue as well that the Mortgage was improperly indexed given that it was indexed in the name of "Andrew J. Haburjak" rather than "Andrew J. Haburjak, Jr."

▮ As support for their position that proper indexing of the Mortgage is essential to constructive notice thereof, the Debtor and the Trustee rely on (a) a passage from the Third Circuit's decision in *McLean v. City of Philadelphia, Water Revenue Bureau,* 891 F.2d 474 (3rd Cir. 1989), to the effect that "[u]nder Pennsylvania law, constructive notice is synonymous with whether the lien has been·properly indexed: the state's indexing laws, in other words, define those circumstances under which a bona fide purchaser may be deemed to be on constructive notice of a lien," *Id.* at 478, and (b) a bankruptcy court decision subsequent to *McLean* that interpreted the preceding passage from *McLean* such that constructive notice of a mortgage is not given unless the same is properly indexed, *see In re Corbett,* 284 B.R. 779, 783–784 (Bankr.W.D.Pa.2002). The *Corbett* decision notwithstanding, this Court interprets the above passage from *McLean* such that proper indexing is necessary to afford constructive notice when Pennsylvania's "indexing" statutes so ex-

plicitly provide, but that, absent such a direction from an "indexing" statute, indexing is not necessarily required to effectuate constructive notice. The Court also holds that, with respect to a mortgage in particular, proper recording thereof serves to provide constructive notice of the same even absent appropriate indexing of the same.

■ Taking the latter of the two preceding holdings by the Court first, the Court holds that recording of a mortgage is all that is necessary to provide constructive notice thereof because (a) 21 P.S. § 357 explicitly says so, *see* 21 P.S. § 357 (Purdon's 2004), and (b) 16 P.S. § 9853, although it provides that appropriate indexing is sufficient to provide constructive notice of the recording of a mortgage, does not state that the lack of appropriate indexing provides constructive notice that no such recording has occurred. *See In re R.A. Beck Builders, Inc.*, 66 B.R. 666, 670 (Bankr.W.D.Pa.1986) (holding the same as this Court does). With respect to the Court's interpretation of the *McLean* passage, the Court arrives at such interpretation because (a) the Third Circuit in *McLean* dealt with a Pennsylvania statute that provided, in particular, that constructive notice is dependent upon indexing, and indexing in a particular manner, (b) each of the cases cited as authority for the Third Circuit's decision in *McLean* also dealt with Pennsylvania statutes that essentially tied constructive notice to proper indexing, save for the *Demharter* decision cited earlier herein, wherein indexing is not discussed at all, and (c) the Third Circuit failed to acknowledge the *Beck Builders* decision, which decision was rendered merely three years earlier and which decision, as set forth above, holds that the proper recording of a deed or mortgage, by itself, serves to provide constructive notice of the same. The Court

notes as well that even if its interpretation of the *McLean* passage at issue is incorrect, the Court is nevertheless free to, and shall, hold that the proper recording of a mortgage, by itself, serves to provide constructive notice of the same. The Court so holds because (a) the effect of recording and indexing vis-a-vis constructive notice is, as the parties certainly concede, a matter of Pennsylvania state law, (b) this Court is bound by earlier Third Circuit decisional law on questions of state law " 'unless "later state court decisions indicate that the ... [Third Circuit's] earlier prediction of state law was in error," ' " *In re Swinton*, 287 B.R. 634, 637 (W.D.Pa. 2003) (quoting from *Hittle v. Scripto–Tokai Corp.*, 166 F.Supp.2d 159, 161–162 (M.D.Pa.2001), which, in turn, quotes from *Stepanuk v. State Farm Mutual Automobile Insurance Co.*, 1995 WL 553010 at *2 (E.D.Pa.1995)), and (c) if the *McLean* passage at issue is properly taken to mean, *inter alia*, that constructive notice regarding a mortgage is dependent upon proper indexing of the same, then such holding has been sufficiently denigrated by later contrary Pennsylvania case authority, *see First Citizens National Bank v. Sherwood*, 817 A.2d 501, 504–505 (Pa.Super.Ct.2003); *see also* Anthony Faranda–Diedrich, *Recent Case: Pennsylvania Commonwealth Court holds that a lawyer may be liable for malpractice for failure to ensure that a mortgage is properly filed and indexed*, 49 Vill.L.Rev. 233, 242–243 (2004) ("The court in *Sherwood* concluded that simple reliance on the index was not enough to protect a subsequent purchaser of property subject to an otherwise properly recorded (but misindexed) mortgage"); 6 Summ. Pa.Jur.2d *Property* § 8:117 (West 2004) ("The recording of a deed or other instrument concerned with the transfer of an interest in real estate generally constitutes constructive notice to [subsequent] purchasers; citing, *inter alia, Southall v.*

*Humbert,* 454 Pa.Super. 360, 685 A.2d 574, 578 (1996), which decision, in turn, relies upon prior Pennsylvania Supreme Court case authority"), such that such *McLean* passage would appear to be an incorrect statement of present Pennsylvania law with respect to constructive notice and mortgages in particular.

In light of all of the foregoing, the Court holds that the Mortgage as recorded, by virtue of such recording alone, provides constructive notice of the Mortgage such that the Mortgage has always been and remains perfected, and regardless of whether the Mortgage was properly indexed by the Recorder of Deeds. In holding as the Court does, the Court also echoes the statement of (a) the *Beck Builders* court that, even if the instant holding is perhaps burdensome to a prudent title searcher, the power to change such outcome rests with the state legislature rather than a federal court, *see Beck Builders, Inc.,* 66 B.R. at 670–671, and (b) the *Sherwood* court that such burden may not perhaps truly exist today given "[t]he computerization of all records, whether they be indexes, mortgage records or other relevant documents," *Sherwood,* 817 A.2d at 505.

### III. Whether the Mortgage has always been properly indexed with the Recorder of Deeds?

■ Assuming *arguendo* that, as the Debtor and the Trustee argue, proper indexing of the Mortgage is essential to afford constructive notice, the Court holds that the Mortgage was and remains properly indexed with the Recorder of Deeds, thereby also providing constructive notice of the Mortgage so that the same is perfected. The Court so holds because the Court holds, in turn, that a reasonably prudent title searcher would, when confronting the mortgage index system maintained by the Recorder of Deeds, and when faced with a title search of a name that, in particular, was known to contain the suffix "Jr.," conduct at least two name-specific searches, to wit one search of the name with such suffix appended thereto and another similar search but without such suffix appended thereto. As support for the preceding holdings, the Court relies on the general principles enunciated in the following Pennsylvania decisions that deal with issues surrounding the omission, inclusion, or misspelling of middle initials or middle names, *see D.P.A. v. Reustle,* 358 Pa. 111, 56 A.2d 221 (1948); *Coral Gables v. Kerl,* 334 Pa. 441, 6 A.2d 275 (1939); *Crippen v. Bergold,* 258 Pa. 469, 102 A. 139 (1917); *Susquebanc Lease Co. v. Lucchesi,* 707 A.2d 540, which decisions the Court can see no way to adequately distinguish from the instant matter given that middle initials and middle names serve to do nothing different than do the suffixes "Junior" and "Senior," which is to identify persons.

### CONCLUSION

Because the Mortgage effectually encumbers the Realty, that is Citifinancial possesses a lien on the Realty by way of the Mortgage, and since the Mortgage is perfected by virtue of both its recording and proper indexing, the Mortgage cannot be avoided by the Trustee pursuant to § 544(a). Consequently, and for the reasons stated in the preamble to the instant opinion, the Debtor lacks any equity in the Realty, which finding dictates that the Court grant Citifinancial's instant stay relief motion at this time pursuant to § 362(d)(2).

An appropriate order will be entered.

### ORDER OF COURT

**AND NOW,** this **23rd day** of **April, 2004,** upon consideration of (a) the motion

for relief from stay brought by Citifinancial Services, Inc. (hereafter "Citifinancial") with respect to particular realty owned by Andrew J. Haburjak, Jr., one of the instant debtors (hereafter "the Debtor"), which realty is known as, and located at, 131 Ashton Avenue, Pittsburgh, Pennsylvania 15207, (b) the responses to such stay relief motion by the Debtor and Carlota Bohm, the instant Chapter 7 Trustee (hereafter "the Trustee"), and (c) the parties' briefs, as well as exhibits attached thereto; and subsequent to notice and a hearing on the matter held on January 13, 2004; and for the reasons set forth in the accompanying Memorandum Opinion dated April 23, 2004, it is hereby **ORDERED, ADJUDGED, AND DECREED** that Citifinancial's instant stay relief motion is **GRANTED** pursuant to § 362(d)(2).