516 A.2d 59

**In re Brian Andrew BENNER and Colleen Elizabeth Benner by their mother and natural guardian Mary Ann CASSIDY.**

Superior Court of Pennsylvania.

Argued June 9, 1986.

Filed Oct. 10, 1986.

Miriam M. Reimel, Bristol, for appellant.

Before ROWLEY, McEWEN, and OLSZEWSKI, JJ.

## OPINION OF THE COURT

ROWLEY, Judge:

This is an appeal from an order of court dismissing appellant's post-trial motion.

The parties to this appeal are the divorced parents of two minor children who have been in the custody of appellant-mother since 1978. On May 5, 1985, appellant filed a petition seeking to change the surname of the children from Benner to Cassidy-Benner, pursuant to the Judicial Change

of Name Act, Act of December 16, 1982, P.L. 1309, No. 295, 54 Pa.C.S. §§ 701–05. Appellant filed the petition because of her desire to have "her parentage recognized." A hearing on the petition was subsequently held, during which appellee-father testified in opposition to the proposed name change. Expressing the view that the children themselves should be permitted to decide upon their surname later in their lives without the influence of either parent, the trial court, by an opinion and order dated August 15, 1985, denied the petition without prejudice to renew the request for a name change "at a subsequent proper time." Appellant filed a motion for post-trial relief which was denied on December 4, 1985, and this appeal followed six days later. Appellant raises a number of constitutional challenges, but we do not reach the merits of these issues for the following reasons.

Appellant took this appeal from an order denying a post-trial motion. The Judicial Change of Name Act (the Act) does not enunciate the procedure which applicants must follow. Similarly, case law concerning petitions filed under the Act has not to date addressed the propriety of the procedures followed by petitioners in those cases. The dearth of case law in this area reveals that direct appeals have consistently been taken from the ruling on the petition for change of name; post-trial motions have not been filed in these cases. Appellant's procedural deviation in the instant case presents us with an issue of first impression: must post-trial motions be filed to preserve issues for appellate review of an order ruling on a petition for change of name?

The Act provides, in part,

§ 701. Court approval required for change of name

(a) General rule.—It shall be unlawful for any person to assume a name different from the name by which such person is and has been known, unless such change in name is made pursuant to proceedings in court as provided by this chapter.

(b) Informal change of name.—Notwithstanding subsection (a), a person may at any time adopt and use any

name if such name is used consistently, nonfraudulently and exclusively.

§ 702.   Change by order of court.

The court of common pleas of any county may by order change the name of any person resident in the county. The statute contains no provision setting forth the procedure to be followed by petitioners wishing to change their name.   Because the Act fails to illuminate the procedural question before us, we look to the Rules of Civil Procedure.

Rule of Civil Procedure 227.1 provides for the filing of post-trial motions.   The Rule provides in part,

> (c) Post-trial motions shall be filed within ten days after
>
> (1) verdict, discharge of the jury because of inability to agree, or nonsuit in the the case of jury trial;   or
>
> (2) notice of nonsuit or the filing of the decision or adjudication in the case of a trial without jury or equity trial.

Subsection (1), pertaining to jury trials, is clearly inapplicable to the case at bar.   Subsection (2), pertaining to non-jury or equity trials, is also inapplicable:   the hearing held on the petition to change the children's name was not, by any definition, a trial.

In the absence of a rule mandating the filing of post-trial motions to an order issued after a hearing;   in the absence of a provision in the act governing change of names;   and in the absence of any case law condoning, either explicitly or implicitly, the filing of post-trial motions to a ruling on a petition for change of name, we must conclude that the appellant's post-trial motion was unnecessary.   By waiting until the motion was disposed of, however, and then appealing from the order denying the motion, appellant failed to file her notice of appeal within 30 days of the proper order—the order denying her petition for change of name.   We are therefore without jurisdiction to decide the case.   Pa.R.A.P. 903(a).

Appeal quashed.

McEWEN, J., files a dissenting opinion.

McEWEN, Judge, dissenting:

Since I experience severe anxiety when my view differs from that of such esteemed and respected colleagues as those that compose the majority of this panel, I am compelled to speak succinctly before beating a quick, albeit most respectful retreat.

Thus, but two statements compose this dissent. First, since the precise procedure which the majority holds counsel for appellant should have followed, was so uncertain as to present to this appellate tribunal an issue of first impression, I am unable to join in the decision to quash the appeal by reason of counsel's failure to have complied. Second, I would affirm the order of the hearing court which denied the petition of the mother to alter the surname of these children, now ages thirteen and eleven, so as "to allow the children to make their own decisions at some point later in time when they know more clearly which name they desire and when they are not in the position of being unduly influenced by either parent".