J-S63003-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: DAVID LOVELL BREWSTER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: DAVID LOVELL | : | |
| BREWSTER | : | No. 1082 EDA 2019 |

Appeal from the Order Entered March 22, 2019
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): January Term, 2019, NO. 704

BEFORE: GANTMAN, P.J.E., MURRAY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY GANTMAN, P.J.E.: **FILED DECEMBER 03, 2019**

Appellant, David Lovell Brewster, appeals from the order entered in the

Philadelphia County Court of Common Pleas, which denied his petition for

name change. We affirm.

The trial court opinion set forth the relevant facts and procedural history

of this case. Therefore, we have no reason to restate them.

Appellant raises the following issue for our review:

> WHETHER THE [TRIAL] COURT ERRED WHEN IT REFUSED
> TO ACKNOWLEDGE THE LIBERTIES INVOKED BY THE FIRST
> AMENDMENT OF THE UNITED STATES CONSTITUTION
> BEING IN A PREFERRED POSITION TO THE STATUTORY
> PROVISION USED TO DENY APPELLANT.

(Appellant's Brief at 8).

After a thorough review of the record, Appellant's brief, the applicable

law, and the well-reasoned opinion of the Honorable Edward C. Wright, we

_____

[*] Retired Senior Judge assigned to the Superior Court.

conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (**See** Trial Court Opinion, filed May 21, 2019, at 2-3) (finding: Appellant was on county probation and state parole at time of hearing on his petition for name change; court properly denied petition under 54 Pa.C.S.A. § 702(c), which prohibits name change when person is subject to probation or parole; Appellant waived any issue concerning trial court's alleged conflict of interest, for failure to raise that claim at hearing). Accordingly, we affirm on the basis of the trial court's opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/3/19

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### TRIAL DIVISION – CIVIL

| | |
|---|---|
| **IN RE: DAVID LOVELL** : | **1082 EDA 2019** |
| **BREWSTER** : | |
| : | |
| : | **Lower Court No. 190100704** |
| **APPEAL OF : DAVID LOVELL BREWSTER** : | |

### OPINION

David Lovell Brewster ("Appellant") appeals from the trial court's March 22, 2019, order denying Petitioner's Petition for Change of Name.

### FACTUAL AND PROCEDURAL BACKGROUND

On January 11, 2019, Appellant filed a Petition for Change of Name. On March 22, 2019, a hearing was held on Appellant's Name Change Petition. Appellant sought to change his name from "David Lovell Brewster" to "david brewster (YHWH)" pursuant to 54 Pa. C.S.A. §701. On March 22, 2019, the trial court denied the petition, given that at the time of the hearing Appellant was subject to the parole jurisdiction of the Pennsylvania Board of Probation and Parole. 54 Pa. C.S. §702(c)(1).

On April 3, 2019, Appellant timely filed a Notice of Appeal to the Pennsylvania Superior Court ("Superior Court"), which appeal Superior Court docketed at 1082 EDA 2019. On April 24, 2019, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa. R.A.P. 1925(b). On May 2, 2019, Appellant timely filed a concise statement of errors complained of on appeal.

In Re: David Lovell Brewster-OPFLD



19010070400020

## DISCUSSION

On appeal, Appellant claims: (A) that the trial court circumscribed Petitioner's Federal Constitutional Rights by denying his Name Change Petition; and, (B) that the trial court had a conflict of interest in the underlying Name Change Petition.

I. **Petitioner's Claim That The Trial Court Circumscribed Petitioner's Federal Constitutional Rights By Denying His Name Change Petition Is Unsupported As The Trial Court Was Merely Complying With 54 Pa. C.S. §702(c)**

The sole function of a name in Pennsylvania is to identify the person whom it is intended to designate. *Department of Public Assistance of Com. of Pa. v. Reustle*, 358 Pa. 111, 56 A.2d 221 (1948). Pennsylvania statute codifies the common law by providing for formal change of name judicial proceedings. 54 Pa. C.S. §701 et seq.; *In re Benner by Cassidy*, 516 A.2d 59 (Pa. Super. 1986). Pennsylvania places limitations on name changes by convicted felons. 54 Pa. C.S. §701(b), 702(c). 54 Pa. C.S. §702, entitled "Change by order of court," provides, in pertinent part:

**(c) Convicted felons.--**

(1) The court may order a change of name for a person convicted of a felony, subject to provisions of paragraph (2), if:

(i) at least two calendar years have elapsed from the date of completion of a person's sentence and that **person is not subject to the probation or parole jurisdiction of any court, county probation agency or the Pennsylvania Board of Probation and Parole;**

See 54 Pa.C.S. §702(c)(1)(i) (emphasis added).

-2-

On March 22, 2019, a hearing was held on Appellant's Name Change Petition. At the aforementioned hearing the trial court questioned Appellant about his criminal history and the following exchange took place:

> **THE COURT:** All right. Your criminal history -- I want to jump right to the constraints regarding the name change as it relates to the criminal history; make sure you qualify. I am guessing you're no longer incarcerated; no longer serving.
>
> **MR. BREWSTER:** I'm currently on County probation and State parole.

*See* March 22, 2019, Certified Record at 3-4.

As Appellant was subject to both Philadelphia County and Pennsylvania State Parole at the time of the hearing, the trial court properly denied the Petition pursuant to 54 Pa. C.S. §702(c).

## II. Petitioner's Claim That The Trial Court Had A Conflict Of Interest In The Underlying Name Change Petition Was Not Argued At Trial And Was Therefore Waived On Appeal

Generally, a party must raise an issue before the trial court before they are able to raise it on appeal. Pa. R.A.P. 302(a); *Commonwealth v. Mason*, 130 A.3d 601, 639 n.47 (Pa. 2015) ("[A] 1925(b) statement can...never be used to raise a claim in the first instance."); *Stange v. Janssen Pharm., Inc.*, 179 A.3d 45, 63-64 (Pa. Super. Ct. 2018) (finding that the issues not raised in motions before the trial court to be waived on appeal). In other words, if a party does not raise an issue before the trial court, then the party waives their right to raise that issue on appeal. *Id.*; *Mason*, 130 A.3d at 639 n.47; *Stange* 179 A.3d at 63-64. Here, Petitioner waived the issue of the trial court's supposed conflict of interest on appeal as he failed to raise the issue at the underlying hearing.

-3-

## CONCLUSION

For the reasons set forth above, the Superior Court should affirm the trial court's

decision.


**BY THE COURT**:

**EDWARD C. WRIGHT, JUDGE**
**Dated: May 21, 2019**